548 So.2d 987 (1989)
Cleo K. CLARK
v.
Samuel Craig VINIARD, a Minor, By and Through his Friends, Legal and Natural Guardians, Danny Ray Viniard and Doris Viniard.
No. 59361.
Supreme Court of Mississippi.
August 30, 1989.
*988 Haynes Alexander Brinkley, Michael B. McMahan, McMahan & McMahan, Hattiesburg, for appellant.
Joseph H. Montgomery, Williams Williams & Montgomery, Poplarville, Bobby Garraway, Office of Public Defender, Lumberton, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
Craig Viniard sustained a severe injury to his left leg when the motorcycle he was riding was involved in a collision with an automobile. Viniard sued Cleo Clark, alleging that her negligence was a proximate cause of his injuries. A jury found in favor of Viniard, but awarded him no damages. Viniard moved for an additur, or in the alternative a new trial solely on damages. The trial judge considered this request, and ordered instead a new trial on all issues. Cleo Clark requested an order on certification for interlocutory appeal, which was granted by the trial court. This Court granted permission to appeal, and Cleo Clark assigns the following as error:
I. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING A DIRECTED VERDICT OR J.N.O.V. IN FAVOR OF THE DEFENDANT.
II. WHETHER THE TRIAL COURT HAD THE AUTHORITY AND/OR JURISDICTION TO GRANT A NEW TRIAL ON ALL ISSUES.
III. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE NEW TRIAL, ASSUMING THAT IT HAD THE AUTHORITY AND/OR JURISDICTION TO DO SO.
Craig Viniard has cross-appealed, assigning as error:
I. THE TRIAL COURT ERRED IN DENYING PLAINTIFF, SAMUEL CRAIG VINIARD, AN ADDITUR OR A NEW TRIAL ON DAMAGES ONLY.
II. THE JURY VERDICT ON THE ISSUE OF DAMAGES IN AWARDING PLAINTIFF, SAMUEL CRAIG VINIARD $0.00 IN LIGHT OF HIS MEDICAL EXPENSES TOTALLING $53,693.19 *989 AND A MEDICAL EXPERT'S OPINION ASSIGNING A 20-30% PERMANENT PARTIAL DISABILITY TO HIS LEFT LEG WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

STATEMENT OF THE FACTS
On August 5, 1983, at about 10:30 a.m., Craig Viniard was riding his XR-75 Honda motorbike in a westerly direction down General Robert E. Blount Drive, also known as Foote Street, in Bassfield, Mississippi. Because Viniard's bike was intended primarily for off-the-road use, it was not equipped with a headlight, brakelight, turn signals, or rear-view mirrors. As Viniard approached the intersection of Foote Street and Ida Avenue, he put out his left arm in order to signal for a left turn. As he began to make his turn, he collided with an automobile driven by Estes Townsend, who was headed in the same direction as Viniard and was also attempting a left turn. As a result of the accident Viniard received an extensive laceration of the left leg with a compound fracture. The doctor who first reached Viniard had to "unwind" the leg twice in order to feel a pulse in the foot. Viniard had to undergo sixteen surgical procedures as a result of his injuries.
On July 1, 1986, Craig Viniard filed suit in the Circuit Court of Jefferson Davis County against Cleo Clark, alleging that Clark's negligence had been a proximate cause of his accident and resulting damages. Viniard alleged that Clark had been behind him in her car on the day of his accident, and that she had run into his bike from behind, knocking him into the path of the Townsend car. The complaint also alleged that Clark failed to stop after having caused the accident. The complaint asked for actual and punitive damages. Cleo Clark filed her answer on August 4, 1986. Clark maintained that she had never been at the scene of the accident, but had turned off of Foote Street north onto Jefferson Street and had headed home before reaching the intersection where the accident occurred. Alternatively, Clark alleged that Viniard was negligent in that he did not properly signal for his left turn onto Ida Avenue, that he was not old enough to have a driver's license or to be riding the bike on a public street, and that the Honda was not properly equipped to be operated on a public street.
Several depositions were taken before the trial, including that of Stella Mae Hathorn, an alleged eyewitness to the accident, who was deposed on October 7, 1986. Other witnesses' testimony placed Cleo Clark driving her automobile in the area. No one other than Hathorn claimed to have seen Clark hit the motorbike driven by Viniard.
Don Bourgeois, a Mississippi Highway Patrolman, was called on August 5, 1983, to assist with the Viniard accident. He arrived at the accident scene just as the ambulance was leaving. He examined the Townsend car and the marks that the motorcycle had made at the scene. Bourgeois then listened to Stella Hathorn give her statement to Officer Ricky Davis. Ms. Hathorn identified the car which struck Viniard as being a brown, four-door sedan driven by the lady who owned a washerteria. After this Bourgeois, Officer Davis, and Officer Wayne White went to Mrs. Clark's house. According to Bourgeois, when Mrs. Clark was told about the accident, she replied that she had not left the house. Bourgeois checked the hood of her car, which was still warm. The officers carefully examined the car, but could find no evidence one way or another to substantiate a collision. The three went back to the accident scene and then to the Viniard residence to check the motorcycle. The officers then returned to the Clark residence. Mr. Clark was under the carport when they arrived. Mr. Clark told the officers that the only place Mrs. Clark had been was to the Post Office (Mr. Clark's place of employment). Bourgeois then informed Mr. Clark that Mrs. Clark had told them earlier that she had not left the house. According to Bourgeois, Mrs. Clark then came outside "in hysterics, and said that if she hit the boy, she didn't know it, and at that time Mr. Clark told her to hush her mouth and go back inside, and asked us to leave." Bourgeois admitted on cross-examination that he could find no physical *990 evidence to indicate that there had been any collision or impact as to the Clark car, although Bourgeois added that a slight bump involving a motorcycle with a plastic fender moving in the same direction as the car probably would not cause much damage to the car.
Craig Viniard, the plaintiff, testified that he had been looking for a tennis game on August 5, 1983, when he was heading west down Foote Street. He put out his left hand to signal for a turn south onto Ida Street when "[his] head jolted back and went forward and [his] helmet flew off, and then [he] went  [he] got hit by the Townsend car." He did not remember much about the way the collision occurred. Viniard admitted on cross-examination that at the time of the accident he had no driver's license, that his bike was not equipped to be driven on the street, and that he could not of his own personal knowledge say that Cleo Clark had been involved in the accident.
Dr. William G. Giles, an orthopedic surgeon, testified as to the nature of Viniard's injury and his treatment. He found that Viniard had suffered an extensive laceration with a compound fracture. Much of the muscle and skin had been stripped from the back of the lower left leg, and there were bone fragments sticking through the skin with a large piece of bone missing. Dr. Giles eventually performed sixteen surgical procedures on the leg in an effort to repair it, including a bone graft. He testified that Viniard was a good patient who endured a great deal of pain. Dr. Giles stated that he was happy with the result, although Viniard had suffered a 20-30% permanent impairment of the leg. Dr. Giles stated that the $53,693.19 in medical bills were reasonable and necessary expenses resulting from the injury.
The jury found for the plaintiff, Craig Viniard, but awarded him no damages. Cleo Clark moved for a J.N.O.V. and for reformation of the verdict. Craig Viniard moved for an additur, or in the alternative a new trial solely on the issue of damages. A hearing on these motions was scheduled for October 16, 1987. There is no transcript of this hearing or any other in the record. Counsel for Cleo Clark has supplied an affidavit claiming that the trial judge heard only the above-mentioned motions, and that no notice was ever given of any other hearing before December 17, 1987. Counsel for Viniard responded with a counter-affidavit, claiming that two hearings were held concerning the post-trial motions, one on October 16 and one on October 26, 1987. The trial judge informed the parties that he was considering granting a new trial on all issues, despite neither party asking for such relief, and that counsel for both parties were present and allowed to argue the issue of a new trial on all issues. On December 17, 1987, Judge Eubanks entered an order granting a new trial on all issues. The judge ruled that a new trial was proper for two reasons: (1) the jury must have been confused, as it awarded no damages, despite finding for the plaintiff and hearing uncontroverted proof of substantial damages; (2) improperly prejudicial evidence was allowed to go to the jury. (Stella Hathorn had written several bad checks which were allowed into evidence; one of these checks was passed at a business which was partly owned by one of the jurors.) On January 8, 1988, Cleo Clark requested an Order on Certification for Interlocutory Appeal. The Order was granted on the same day.
The dispositive question before this Court is:

II. WHETHER THE TRIAL COURT HAD THE AUTHORITY AND/OR JURISDICTION TO GRANT A NEW TRIAL ON ALL ISSUES.
Cleo Clark argues that Judge Eubanks had neither the jurisdiction nor the authority to grant a new trial on all issues in his December 17, 1987 Order. Craig Viniard had moved the court for Additur or in the Alternative, for a New Trial on the Issue of Damages Only on September 28, 1987, within ten days from the date of the entry of judgment (September 21, 1987) as required by Miss.R.Civ.P. 59(b). Clark argues that the trial judge granted the new trial motion on his own initiative, and was prohibited from doing so after ten days *991 after the entry of the judgment by Miss.R. Civ.P. 59(d). Craig Viniard maintains that the trial judge was not acting on his own initiative, as he had never ruled on the September 28 new trial motion on the issue of damages only. According to Viniard, the court still had jurisdiction and inherent authority to grant a new trial on all issues even though the ten-day limit had long since passed.
Rule 59(d) of the Miss.R.Civ.P. states as follows:
(d) On Initiative of Court. Not later than ten days after entry of judgment the court may on its own initiative order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.
This Court often looks to federal authority when construing state rules of civil procedure. Brown v. Credit Center, Inc., 444 So.2d 358, 362-363 (Miss. 1983). According to one federal authority,
[i]f, therefore, no party has made a motion which suspends the finality of a judgment and tolls the time for appeal, Rule 59(d) clearly limits the power of the court to grant a new trial to a time not later than 10 days after the entry of judgment. But once the finality of the judgment has been suspended by a proper motion, which is pending and undecided, the second sentence of Rule 59(d), added in 1966, makes it clear that after giving the parties notice and an opportunity to be heard, the trial court has the power to grant a new trial, on its own initiative, more than 10 days after the entry of judgment for any reason for which it might have granted a new trial on motion of a party. Prior to the 1966 amendment the great weight of authority was to the effect that the court could not grant a new trial, on its own motion, after the ten day period, for a reason not stated in the party's motion for new trial.
6A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 59.11 (2d ed. 1989); (emphasis added) see also 11 C. Wright & A. Miller, Federal Practice and Procedure § 2813 (1973); Roy v. Volkswagenwerk Aktiengesellschaft, 781 F.2d 670 (9th Cir.1985). The trial court never overruled Craig Viniard's Motion for New Trial, but rather expanded that Motion into its own Motion for a New Trial on All Issues, and then granted it. This Court finds that the trial court did not act on its own initiative to the extent that it would be prohibited from granting the new trial motion under Miss.R.Civ.P. 59(d).
Cleo Clark lists as an assignment of error that the granting of a new trial was an abuse of discretion by the trial court, but she does not actually argue this point in either of her briefs. According to Miss.R. Civ.P. 59(a):
(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of Mississippi; ... .
In its December 17, 1987 Order, the trial court gave two reasons for granting a new trial: (1) the jury must have been confused, as it found for the Plaintiff but awarded no damages despite uncontroverted evidence of such; (2) improperly prejudicial evidence was allowed to go to the jury. That a jury may have become confused during the course of its deliberations has been found to be adequate grounds for granting of a new trial. Griffin v. Fletcher, 362 So.2d 594, 596 (Miss. 1978). The trial court may also grant a new trial when it is convinced that the jury has departed from its oath and its verdict is a result of bias, passion, and prejudice. Clayton v. Thompson, 475 So.2d 439, 443 (Miss. 1985). This Court held that in the absence of a specific finding by the circuit judge that the jury was influenced by bias, prejudice or passion, it is error to order a new trial *992 on damages or an additur or remittitur. Gibbs v. Banks, 527 So.2d 658 (Miss. 1988); McIntosh v. Deas, 501 So.2d 367 (Miss. 1987); Odom v. Parker, et al., 547 So.2d 1155 (Miss. 1989). Further we note that Miss. Code Ann. §§ 11-7-213 and 11-1-55 are statutory expressions in regard to a motion for new trial concerning excessiveness or inadequacy of damages, additur or remittitur, but those sections are not here applicable because of the finding of the trial court. The granting of a new trial on all issues was not an abuse of discretion on the part of the trial court.
This Court finds no reversible error committed by the court below and therefore Judgment of the Circuit Court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.