556 So.2d 716 (1990)
David Curtis KING
v.
Martha Jane KING.
No. 07-CA-59002.
Supreme Court of Mississippi.
January 31, 1990.
G. Wayne Hynum, Hattiesburg, for appellant.
*717 Dan R. Wise, Hattiesburg, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court.

I.
This is an appeal of the denial of defendant's Motion to Set Aside a Judgment of Divorce and award of lump sum alimony, child support and attorney's fees.
Plaintiff, Martha Jane King filed a complaint for divorce against David Curtis King on March 25, 1987. A Judgment of Divorce was granted to Martha King on October 6, 1987 on the grounds of Cruel and Inhuman Treatment. She was awarded custody of Collin King, minor child of the marriage, subject to reasonable visitation by David King within Marion County. The court found that Defendant had encumbered Martha King's property in the amount of $54,725.87 to obtain funds for the benefit of David Curtis King, Inc., in which Defendant owned all the stock; and which Martha King had run since his departure from the state. Based on this indebtedness, Martha King was awarded a money judgment of lump sum alimony to adjust the equities of the parties in the amount of $54,725.87. The Court also awarded $250 per month child support and found that David King had removed Plaintiff's property from the state and she was entitled to possession of same.
Defendant filed a Motion to Set Aside Judgment, on October 9, 1987. The grounds for the motion were that: (1) the cause was not triable on October 6, 1987 because there had been neither agreement, nor Order of the Court setting the trial for that date; (2) attorney for defendant did not receive adequate notice of the trial setting; (3) plaintiff's attorney was aware that defendant could not appear on October 6 and his actions in proceeding constitute a fraud upon the defendant and the court. Petitioner did not specify the Rule of Civil Procedure under which he was proceeding, but prayed for "an appropriate Order setting aside the Judgment of Divorce ... and reinstating this matter on the docket of this Court. If your Movant has prayed for the wrong, or improper relief, then he prays for general relief in the premises."
Plaintiff/Appellee's response to the Motion denied the allegations, and prayed for sanctions under Miss.R.Civ.P. 11 due to defense counsel's dilatory tactics including: failure to timely file discovery; failure to timely file an answer and cross-complaint; and failure to diligently pursue the conclusion of the case.
The Court denied Respondent/Defendant's Motion to Set Aside Judgment by order of December 4, 1987, finding that he had failed to prove that the judgment entered by the Court was based on fraud, and that respondent had not made a sufficient showing to set aside the former judgment pursuant to Miss.R.Civ.P. 60(b). No Rule 11 sanctions were imposed.
From this order David King appeals raising three issues, the first of which is dispositive. Finding that the trial was improperly set, we reverse, setting aside the Judgment of Divorce and award of lump sum alimony, child support and attorney's fees.

II.
After Martha King filed her Bill of Complaint for divorce, there were extensive negotiations with David King, through his attorney in Georgia. A tentative agreement was reached, and later revoked by David King. He subsequently hired a local attorney, and filed an answer and cross complaint on July 2, 1987.
The parties tentatively agreed to an October 6, 1987 trial setting. A partially executed "Agreed Order" was sent to defendant, but he never approved it and did not submit it to the Clerk of Court. Defendant requested a continuance for the purpose of additional discovery, on September 29, 1987. No discovery was filed. On that same day, defendant was advised in writing by plaintiff that the case was set for trial on October 6, 1987, and the plaintiff would not agree to a continuance.
On receipt of plaintiff's letter of September 29, defense counsel called the Chancery *718 Clerk's office for Marion County and was told by a Deputy Court Clerk that the case had not been set for trial on October 6, or any other date. Defense counsel was contacted by plaintiff's counsel's office on Monday, October 5, 1987 and advised that the trial was set for the next day, Tuesday, October 6. Defendant was unable to contact plaintiff's counsel to discuss the matter. On the morning of October 6, defense counsel called the Chancery Clerk's office and asked the Deputy Court Clerk to announce to the Court that he had just learned of the setting, his client was out of state, and that he requested a continuance. On October 9, defense counsel learned that plaintiff had obtained a judgment on October 6, he then prepared the Motion at issue here.
The Deputy Clerk in the Chancery Clerk's office, verified that the case was not set during the week prior to October 6, 1987 until after defendant's call. The case was set for October 6, at the request of plaintiff.

III.

DID THE CHANCELLOR ERR IN DENYING THE MOTION TO SET ASIDE THE JUDGMENT?
David King's motion asserts four reasons to set aside the judgment: (1) the cause was not triable on Oct. 6, 1987 due to lack of agreement; (2) Attorney for Defendant did not receive adequate notice of the trial setting; (3) Plaintiff was aware that Defendant could not try the matter and proceeding constitutes a fraud upon defendant and the Court; and (4) other good cause.
Defendant's assertion that the cause was not triable due to lack of agreement, clearly indicates that he is alleging a failure to follow Rule 40, which states:

ASSIGNMENT OF CASES FOR TRIAL
(a) Methods. Courts shall provide by local rule for placing of actions upon the trial calendar
(1) without request of the parties; or,
(2) upon request of a party and notice to the other parties; or
(3) in such other manner as the court deems expedient.
Prior to the calling of a case for trial, the parties shall be afforded ample opportunity, in the sound discretion of the court, for completion of discovery.
(b) Notice. The court shall provide by written direction to the clerk when a trial docket will be set. The clerk shall at least five (5) days prior to the date on which the trial docket will be set notify all attorneys and parties without attorneys having cases upon the trial calendar of the time, place, and date when said docket shall be set. All cases shall be set on the trial docket at least twenty (20) days before the date set for trial unless a shorter period is agreed upon by all parties or is available under Rule 55. (Writer's Note: Rule 55 deals with default based on a failure to plead or otherwise defend). The trial docket shall be prepared by the clerk at the time actions are set for trial and shall state the case to be tried, the date of trial, the attorneys of record in the case, and the place of trial. Additionally, said trial docket shall reflect such attorneys of record and parties representing themselves as were present personally or by designee when the trial docket was set. The clerk shall within three (3) days after a case has been placed on the trial docket notify all parties who were not present personally or by their attorney of record at the docket setting as to their trial setting. Notice shall be by personal delivery or by mailing of a notice within said three (3) day period. Matters in which a defendant is summoned to appear and defend at a time and place certain pursuant to Rule 81 or in which a date, time and place for trial have been previously set shall not be governed by this rule.
(c) Trial by Agreement. Parties, including those who are in a representative or fiduciary capacity, may waive any waiting period imposed by these rules or statute and agree to a time and place for trial. (Emphasis added)
*719 It is apparent that Rule 40 was not followed in setting this case for trial. The comment to Rule 40 states that the trial docket is governed by Rule 40(b), which in turn requires that the trial date be at least twenty (20) days after the time the case is set for trial, unless the parties agree to a shorter period. In this case the parties did not agree, evidenced by the failure of defendant to sign and return the agreed order. Rule 40(b) requires the clerk to mail or personally deliver notice of the date and time of trial within three (3) days to all parties not present at the setting. Defendant was not provided with the mandatory written notice.
Although the court considered Defendant's motion on Miss.R.Civ.P. 60(b)(1), basing its denial of the motion on a finding that defendant failed to prove fraud by clear and convincing evidence, we will consider the motion under 60(b)(6).[1]
This court has not favored final decrees which are the product of surprise, accident, mistake, or fraud. International Paper Co. v. Basila, 460 So.2d 1202, 1203 (Miss. 1985); Corinth State Bank v. Nixon, 144 Miss. 674, 110 So. 430 (1926); and Robertson, State Revenue Agent v. Aetna Ins. Co., 134 Miss. 398, 98 So. 833 (1924). A stated purpose of the procedure outlined in Rule 40 is the establishment of a flexible method of scheduling cases for trial, while assuring that the parties receive appropriate notice at important stages of the process, accomplished through the mechanisms of the trial calendar and the trial docket. Miss.R.Civ.P. 40 (Comment).
In H & W Transfer and Cartage Service, Inc. v. Griffin, 511 So.2d 895 (Miss. 1987),[2] the trial court was directed to use a balancing test in assessing the merits of a motion under Rule 60(b). The factors to be considered are:
(1) the nature and legitimacy of defendant's reasons for his default, i.e., whether the defendant has good cause for default,
(2) whether defendant in fact has a colorable defense to the merits of the claim, and
(3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside.
511 So.2d at 898.
Applying this test we observe that: (1) defendant resides in Georgia and required notice to travel to Mississippi, he requested a continuance on September 29, and informed plaintiff he could not be in Mississippi on October 6; (2) his answer asserts a colorable defense to the merits of the claim; (3) at the time of defendant's motion, plaintiff would have suffered no appreciable prejudice had the court recognized its error in setting the trial. In view of these facts, we are of the opinion that the Chancellor below erred in denying defendant's motion under Miss.R.Civ.P. 60(b). The judgment should have been set aside and a new trial setting fixed, as required by Miss.R.Civ.P. 40. This case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ. and PRATHER, and ANDERSON, JJ., concur.
ROBERTSON and PITTMAN, JJ., concur in result by separate written opinion.
SULLIVAN, J., not participating.
*720 ROBERTSON, Justice, concurring.
I concur in the judgment the Court announces this day and in much of what is said en route. The Chancery Court erred when it denied David King's motion to set aside judgment, and substantially so. I would begin with the Court's more fundamental error  considering David's motion as one under Rule 60(b), Miss.R.Civ.P., rather than under Rule 59(e), Miss.R.Civ.P. The point is not so important for the case at bar, as the Court today correctly vacates and remands. I am concerned that others hereafter will regard this case as precedent for treating motions such as David's as motions under Rule 60(b). In other cases, that view could lead to much mischief.
My beginning question is, what caused anyone to think David King's motion to set aside judgment was a motion under Rule 60(b) in the first place? The judgment he attacks was one entered following trial on the merits, albeit a trial conducted in his absence. Nothing in David's motion designates any particular rule he may have been relying on. When a judgment is entered on October 6, 1987, adjudging the merits of an action, and a motion is presented on October 9, three days later, asking the Court to set that judgment aside, it would seem to my mind reasonably clear the motion ought be considered as one under Rule 59(e) to alter or amend a judgment, and this though the motion seeks to alter the judgment completely by having it set aside.
It is important that we remember that, in all relevant particulars, Rules 59(e) and 60(b), Miss.R.Civ.P., are worded verbatim the same as Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. We have consistently and almost routinely said that, where this is the case, the federal construction of the counterpart rule will be "persuasive of what our construction of our similarly worded rule ought to be."[1]See Smith v. H.C. Bailey Companies, 477 So.2d 224, 233 (Miss. 1985); Bourn v. Tomlinson Interests, Inc., 456 So.2d 747, 749 (Miss. 1984). We have specifically followed this policy in the construction of Rule 59, Miss.R.Civ.P., Clark v. Vinard By and through Vinard, 548 So.2d 987, 991 (Miss. 1989); and Rule 60(b), Miss.R.Civ.P., Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984); see also Bryant, Inc. v. Walters, 493 So.2d 933, 935-39 (Miss. 1986). The Court's opinion, as I see it, would deviate substantially  and unfortunately  from this policy.
By its literal language Rule 59(e) contemplates only motions to "alter or amend" a final order or judgment. Federal courts enforcing the identical Federal Rule 59(e) hold without exception that the rule empowers parties to ask for  and the court to consider  vacating a judgment or order, or setting it aside in its entirety. See, e.g., Northern Cheyenne Tribe v. Hodel, 851 F.2d 1152, 1155 (9th Cir.1988); A.D. Weiss Lithograph v. Illinois Adhesive Products Co., 705 F.2d 249, 250 (7th Cir.1983); Miller v. Leavenworth-Jefferson Electric Co-operative, Inc., 653 F.2d 1378, 1380 (10th Cir.1981). Specifically, Huff v. Metropolitan Life Insurance Co., 675 F.2d 119, 122 (6th Cir.1982) found Rule 59(e) to authorize a "motion to reconsider" although the word "reconsider" may not be found in the rule. Under our own case law, we have held that our Rule 59(e) "empowers [a] lower court to reconsider [a] dismissal... ." Ladner v. Quality Exploration Co., 505 So.2d 288, 291 (Miss. 1987); see also 11 Wright & Miller, Federal Practice and Procedure § 2817, p. 111 (1973).
But a brief perusal of the cases reflects a powerful federal preference for treating motions such as that David King has filed and at issue today as motions under Rule 59(e) rather than Rule 60(b). A prominent example is Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665 (5th Cir.1986) where the Court, citing eminent scholarly commentary, said

*721 Professor Moore states that, "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." Virtually every circuit court has held that a motion that "calls into questions the correctness of a judgment should be treated as a motion under Rule 59(e), however it is styled."
Harcon Barge, 784 F.2d at 669-70.
The United States Court of Appeals for the Tenth Circuit is particularly rigid on the point.
This Court has consistently held that regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e).
Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703 (10th Cir.1988). David King's motion questions the correctness of the October 6 judgment and was filed within ten days thereof.
The Eleventh Circuit enforces a similar view. Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir.1988). The Fifth Circuit has recently reiterated its "bright line test" in Ross v. Global Marine, Inc., 859 F.2d 336, 338-39 (5th Cir.1988). United States Fire Insurance Co. v. Schnabel, 504 P.2d 847, 853 n. 18 (Alaska 1972), considering Alaska's identically worded rules, suggests such a motion should be considered as one under Rule 59(e) even though the movant designates it as under Rule 60(b); see also 9 Moore's Federal Practice ¶ 204.12[1], 4-79, 4-80 (2d ed. 1989).
The point is of more than academic concern, and for three reasons.
First, knowing whether the motion is one under Rule 59 or Rule 60 has everything to do with the time within which any appeal must be perfected. Among other differences, Rule 59 motions stay the running of the thirty day time period. See Rule 4(d), Miss.Sup.Ct. Rules. Rule 60 motions do not. I fear some one may consider today's opinion as authority for how such a motion should be characterized and cause an unwitting litigant to have his would be appeal dismissed. In fact, we have already encountered and rejected the analogous argument that a motion be characterized as under Rule 59(e) rather than Rule 60(b) and thus, untimely filed. See Fultz v. Doss By Doss, 507 So.2d 891, 893 (Miss. 1987).
The point acquires punch when we consider what would have happened in today's case if (a) the Chancery Court had not ruled on David King's October 9 motion until after thirty days had elapsed following the entry of the October 6 final judgment and (b) David had not given notice of appeal within that thirty day period. Had that scenario evolved, treating the motion at issue as one under Rule 60(b) would have had the effect of denying David an appeal of the merits of the October 6 order. See Cunningham v. Mitchell, 549 So.2d 955, 958 (Miss. 1989). Instead, David would have been stuck with only an appeal from the order denying his Rule 60(b) motion. Because of the peculiarities of the proceedings below and the issues tendered, this is of no ultimate consequence to David, but that cannot obscure the reality that "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560, 54 L.Ed.2d 521, 530 n. 7 (1978). On another day with other issues, this could be fatal to an appeal which may have prevailed had the motion below been treated as one under Rule 59(e) in which event the merits of the underlying judgment would have been before us on appeal.
This leads to my second point, and perhaps explains why the motion to alter or amend judgment under Rule 59(e) is the preferred procedural vehicle afforded by the Mississippi Rules of Civil Procedure for use when, in the case of a final judgment following proceedings other than trial by jury, a party wishes to ask the trial court to reconsider all or part of the judgment. Rule 59(e) motions go to the heart of the matter to those issues predicate to a decision on the merits. Finch v. City of Vernon, 845 F.2d at 258. Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits, and affords a much *722 narrower range of relief than Rule 59(e). Rule 60(b) "specifies certain limited grounds upon which final judgments may be attacked... ." Comment, Rule 60, Miss. R.Civ.P. In Stringfellow v. Stringfellow, we followed the federal view of its similarly worded rule and said
Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief... . Additionally, it has been said that a party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough.
Stringfellow, 451 So.2d at 221, see also Accredited Surety & Casualty Co. v. Bolles, 535 So.2d 56, 59 (Miss. 1988). No doubt there is overlap between the rules but, fundamentally, Rule 60(b) is not an escape hatch for lawyers and litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. Rule 60(b) is designed for the extraordinary, not the commonplace.
A loose but apt analogy may be found in our criminal practice. A Rule 59(e) motion is the functional equivalent of a motion for a new trial or, on appeal, of a petition for rehearing. A Rule 60(b) motion is the functional equivalent of an application for post-conviction relief.
Third, the movant under Rule 59 bears a burden considerably lesser than a movant under Rule 60(b). Arbitrarily treating David King's motion as one under Rule 60(b) placed before him barriers not found in Rule 59(e). When hearing a motion under Rule 59(e), a trial court proceeds de novo, if not ab initio. Recognizing that to err is human, Rule 59(e) provides the trial court the proverbial chance to correct its own error to the end that may pretermit the occasion for a less than divine appellate reaction. Rule 60(b) motions, on the other hand, proceed on the assumption that the trial court has entered a valid and enforceable judgment which has become final. When considering such a motion, the trial court proceeds under Rule 60(b)'s mandate that finality considerations be balanced against any equities movant may assert. Finality of judgments as a policy reason for denial is not nearly so strong when the motion is under Rule 59(e) as when Rule 60(b) is invoked. Put otherwise, the trial court has considerably broader discretionary authority under Rule 59(e) to grant relief than it does under Rule 60(b). Had the court below considered David King's motion as one under Rule 59(e), it should then have looked at Rule 40, Miss.R.Civ.P., and seen that there had been a clear and substantial deviation from the strictures Rule 40 declares to govern the setting of cases for trial. Failing relief in the trial court, King's appeal would have required little more than an application of Rule 40 to the record, whereupon our mandate for reversal is clear. The three pronged balancing test recited by the majority and found in H & W Transfer & Cartage Service, Inc. v. Griffin, 511 So.2d 895, 898 (Miss. 1987) and in a number of other cases would never have come into play.
My reading of David's motion to set aside judgment leaves me convinced that it is and ought always to have been considered as a motion to alter or amend under Rule 59(e). It is difficult to imagine a motion filed three days after judgment (except after a jury trial) where the moving party asks the court to reconsider the judgment that would be anything other than a Rule 59 motion, notwithstanding its mislabeling or lack of labeling. See Shannon v. Henson, 499 So.2d 758, 762 (Miss. 1986); A.D. Weiss Lithograph v. Illinois Adhesive Products Co., 705 F.2d 249, 250 (7th Cir.1983). I would have us hold that any such post-trial motion filed within ten days of final judgment should be presumed under Rule 59(e), albeit rebuttably so. United States v. Gargano, 826 F.2d 610, 611 (7th Cir.1987); Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.1986); Miller v. Leavenworth-Jefferson *723 Electric Cooperative, Inc., 653 F.2d 1378, 1380 (10th Cir.1981).
In the end, I recognize that the court below considered the matter under Rule 60(b), albeit erroneously so. Following our normal practice of considering on appellate review only points considered and decided in the trial court, the majority analyzes the case under Rule 60(b), and when it does so, the majority correctly concludes that (assuming its availability and applicability) Rule 60(b) would have afforded David relief. I concur in the Court's directive to the Chancery Court to vacate the Order of October 6, 1987, and restore this case to its active trial docket.
PITTMAN, J., joins in this opinion.
NOTES
[1] As Justice Robertson so ably discusses in his concurring opinion, there is considerable authority to the effect that any motion filed within ten days after the entry of judgment is a motion under Rule 59(e). With deference to Justice Robertson and the authors of the cited cases, this is not what Rules 59 and 60 say. Much of the authority cited will be found upon examination to be dicta. Rule 59 allows for alteration or amendment of judgments. Rule 60 allows for relief from a judgment. The lesser power does not include the greater. Amendment of the rules to say what is meant is preferable to judicial interpretation which distorts the meaning of the language of the rules.
[2] Although not a default judgment, the situation in this case is sufficiently analogous to lend itself to the analysis used in a Rule 60 motion to set aside a judgment obtained by default.
[1] We have followed this approach in construing our Rule 8, Miss.R.Civ.P., Stanton & Associates, Inc. v. Bryant Construction Co., 464 So.2d 499, 505 n. 5 (Miss. 1985); Rule 19, Miss.R.Civ.P., Ladner v. Quality Exploration Co., 505 So.2d 288, 290-91 (Miss. 1987); Rule 24, Miss.R.Civ.P., Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 381-82 n. 2 (Miss. 1987); and Rule 56, Miss.R.Civ.P., Brown v. Credit Center, Inc., 444 So.2d 358, 364 n. 1 (Miss. 1984), among others.