571 So.2d 976 (1990)
Terry A. CANNON
v.
Lorene B. CANNON.
No. 89-CA-0706.
Supreme Court of Mississippi.
December 5, 1990.
Dennis C. Sweet, III, Dockins & Sweet, Jackson, for appellant.
Katherine S. Kerby, Gholson Hicks & Nichols, Columbus, for appellee.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
ANDERSON, Justice, for the Court:
This divorce case comes to us on appeal from the Noxubee County Chancery Court. At issue in this appeal are not the merits of the divorce, but the procedure used in granting it. Therefore, the merits of the divorce will not be discussed in this opinion. We are only concerned with the following assignment:
THE TRIAL COURT ERRED IN CONDUCTING A TRIAL OF APPELLEE'S COUNTER CLAIM WITHOUT APPELLANT'S COUNSEL PRESENT WHERE APPELLANT'S COUNSEL HAD AN ACTUAL TRIAL IN ANOTHER COURT
Because we find that the chancellor erred in granting the divorce, we reverse and remand this case for hearing on the merits.

STATEMENT OF THE FACTS
On August 7, 1987, after a thirteen-year marriage, Terry Cannon filed a complaint for divorce from his wife, Lorene, based on the grounds of habitual cruel and inhuman treatment and uncondoned adultery. Lorene filed a counter-claim for divorce based on the same grounds as her husband did in his original complaint. She also added the ground of irreconcilable differences.
Discovery took several months, and during this time the chancellor entered many orders granting various motions. The case finally was scheduled for trial on May 2, 1989. On May 1, 1989, however, Terry filed a motion to continue the trial. The certificate of service was dated April 27, 1989. On May 5, 1989, the chancellor held a hearing on Lorene's counter-complaint in Terry's and his counsel's absence. A final judgment was entered on May 15 and filed on May 17, 1989. On June 7, 1989, Terry certified to Lorene that a motion to set aside and vacate judgment or in the alternative for a new trial would be heard before the chancellor on June 14, 1989. After a hearing on this motion, the chancellor entered an order denying Terry's motion, upon which this appeal is based.
As has been explained previously, this litigation had been developing for quite some time, and many motions were filed in the chancery court. One of the more important motions filed was Terry's motion for continuance which was filed on May 1, 1989. The certificate of service to Lorene was signed April 27, 1989. This motion provided the following:
1) Counsel for plaintiff received Notice of Trial date which sets the trial of this *977 matter for May 2, 1989. Counsel has a previously set trial in the Circuit Court of Jefferson County, Mississippi.
2) Undersigned counsel is available for trial in the month of May 8 through May 12, 1989.

Wherefore, undersigned counsel respectfully submits that the May 2, 1989, trial setting in the above-styled and numbered cause should be continued.
(emphasis added).
In response to this motion, Lorene's counsel sent a letter to Terry's counsel, which provided, in part, the following:
This confirms that I agreed to a continuance of the May 2, 1989 trial based on your request, until the next date Judge Brand had available which is this Friday, May 5, 1989, at 9:30 a.m. in Macon, Mississippi. You indicated you could be present this Friday and the Court has continued the trial to that date. I confirmed this again with Bobby Brown, of your office, today.[1]
As previously mentioned, a trial in this matter was conducted in the absence of the defendant and his counsel. A judgment was entered in this matter on May 15, 1990. On June 9, Terry filed his motion to set aside and vacate judgment or in the alternative for a new trial. In the opening paragraph of this motion, Terry asserted that the judgment was entered on May 15, without having been presented to him for approval, and his counsel received this judgment on June 6, 1989. In this motion, Attorney Sweet explained, inter alia, that he and Lorene's counsel discussed continuing the case; that she informed him that she had talked to the chancellor and that he would continue the case. His motion continues:
... She stated that Judge Brand was agreeable to continuing the case to a later time but that he had Friday, May 5, 1989, available and that she had set it on that date.
... [Attorney Sweet] informed Ms. Kerby [Lorene's counsel] that he had a hearing set on that Friday in State of Mississippi v. Anfana Summers, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, Case No. E-378. Also that [he] was involved in a personal injury case with six (6) plaintiffs and that there was a likelihood that [he] would not finish the trial by Friday, May 5, 1989. Ms. Kerby stated to keep her abreast of the trial situation and she would inform the Court if counsel was unavailable on May 5, 1989... .
Terry's motion was denied "for the reason that the motion was filed untimely and more than ten (10) days past the date of the Final Judgment entered in this cause."

DISCUSSION OF THE LAW
It appears that Terry seeks relief from the lower court judgment under the Mississippi Rules of Civil Procedure and he is entitled to relief. Rule 59 provides:
NEW TRIALS, AMENDMENT OF JUDGMENTS
(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues .. . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Mississippi.
On a motion for a new trial in an action without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions and direct the entry of a new judgment.
(b) Time for Motion. A motion for a new trial shall be served, not later than ten days after the entry of the judgment.
* * * * * *
(e) Motion to Alter or Amend a Judgment. A motion to alter or amend judgment shall be served not later than ten days after entry of the judgment.
Rule 60 also provides an avenue for an aggrieved party to petition the trial court to set aside a judgment. In pertinent part, it provides the following:

*978 (b) Mistakes; Inadvertance; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken... .
Because this motion was filed more than ten days after the entry of the final judgment in this case, Terry's appeal cannot be considered under Rule 59. Nowhere in Terry's motion did he state that he was bringing this motion under Rule 59. Therefore, it is reasonable to consider his motion as one under Rule 60(b). Cf. King v. King, 556 So.2d 716 (Miss. 1990) (Robertson and Pittman, JJ., concurring).[2]
In discussing the application of Rule 60(b), since it is patterned after the federal rule, this Court may look to the federal cases for guidelines. See, Wallace v. Jones, 572 So.2d 371, 374-375 (Miss.Sup.Ct. 1990); see also, King, 556 So.2d at 720 ("We have consistently and almost routinely said that ... the federal construction of the counterpart rule will be `persuasive of what our construction of our similarly worded rule ought to be.'") (Robertson and Pittman, JJ., concurring) (footnote omitted).
It appears that Terry can only seek solace in Rule 60(b)(6). In assessing a motion under Rule 60(b), this Court has adopted a balancing test.
Specifically, the [trial] court is directed to consider (1) the nature and legitimacy of defendant's reasons for his default, i.e., whether the defendant has good cause for default, (2) whether defendant in fact has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside.
H & W Transfer & Cartage Service, Inc. v. Griffin, 511 So.2d 895, 898 (Miss. 1987), see also, Johnson v. Weston Lumber & Building Supply Co., 566 So.2d 466, 468 (Miss. 1990); King, 556 So.2d 716.
While reviewing claims under 60(b), the trial court has "[c]onsiderable discretion, though not unfettered discretion." H & W Transfer, 511 So.2d at 898-99. Stated another way, while the trial court enjoys considerable discretion, this discretion is not boundless. Lavespere, 910 F.2d at 173; see also Bars v. Sullivan, 906 F.2d 120, 121 (5th Cir.1990) (per curiam); Del Carmen v. Emerson Electric Co., 908 F.2d 158, 161 (7th Cir.1990); U.S. v. Boch Oldsmobile, Inc., 909 F.2d 657, 660 (1st Cir.1990); Pelican Production Corp. v. Marino, 893 F.2d 1143, 1145 (10th Cir.1990); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
Now, turning to the factors that must be balanced. Sweet insists that his absence from the trial was excusable because he *979 had another trial. Counsel has presented a most compelling reason for his absence, and we can think of very few other instances which virtually require the trial court to set aside a default judgment. Cf. Leonard v. Leonard, 486 So.2d 1240, 1242 (Miss. 1986) (While controlling their dockets, courts may require counsel to do things which many regard as necessitating skills in magic, but a court cannot expect a lawyer to be two places at once). As a matter of fact, "a bona fide trial setting in one court will entitle an attorney to a continuance of other cases which may subsequently be called for setting in other courts." Id. at 1241.
We emphasize that in the case sub judice, counsel not only had a bona fide trial setting, he had an actual trial. The record indicates that on April 3, 1989, the court heard three motions: a motion to dismiss the complaint; a motion to find Terry in contempt; and a motion for Trial Setting. Mr. Sweet was notified of the scheduled hearing. At the conclusion of this hearing, the chancellor denied Lorene's motion to Dismiss; granted her motion to find Terry in Contempt; and set the trial for this divorce complaint for May 2, 1989.
According to Sweet, he had a previously set trial date for May 1, 1989, in the Circuit Court of Jefferson County. Prior to May 1, Sweet realized that the case, which involved numerous witnesses, would not settle so he contacted Kerby and the Court on April 28, 1989, and they informed him to file a motion for continuance. Terry's motion to continue was filed on May 1, 1989. In this motion he informed the court that he could be available for trial during the week of May 8-12. According to Kerby, she told Sweet that "[she] would not agree to a continuance unless he agreed to a firm setting and trial in the case on the next available date."
Kerby also informed Sweet that the next available date would probably be the same week. She later contacted Sweet on May 1 and told him that the case was set for trial on May 5, 1989. She further insists that Sweet agreed to this setting. Sweet, on the other hand, asserts that Kerby represented to the court that he would be available and had the trial set for May 5, 1989. Sweet also indicated that Kerby told him to keep her abreast of this trial in Jefferson County, and she would inform the court if he was unavailable on the day of the hearing.
Sweet has submitted several affidavits and telephone records which indicate that he or his secretary either called Kerby's office or the court numerous times. According to Kerby, however, she asserts that she did not receive any calls from Sweet on May 3. Moreover, Kerby insists that Sweet only called her once on May 4, and he told her he would call back later.
Sweet's telephone records, on the other hand, indicate that Sweet, in fact, called Kerby's office once on the 3rd and twice on the 4th. Furthermore, the record reflects that Sweet called the court or Kerby's law office everyday and at least twenty-two times during the course of his trial in Jefferson County.[3]
Sweet's trial in Jefferson County was not completed on May 5, 1989. On that morning, the Circuit Clerk of Jefferson County, upon Sweet's request, called the Chancery Clerk of Noxubee County, and she was informed that Sweet should call Judge Brand at 9:30 a.m. When Sweet called the chancellor, the chancellor told him that "he was going to dismiss [Terry's] claim." The chancellor conducted the trial in Sweet's and Terry's absence.
When the court opened, the chancellor stated the following:
Let the record reflect that, as the Court entered the courthouse, he was advised by the clerk that there was a phone call. Upon taking the phone call from Attorney Dennis Sweet, the Court was advised that Mr. Sweet would not be present, that he had not concluded a trial in which he was involved. The Court informed Mr. Sweet that neither he nor *980 counsel opposite had advised the Court that this case was not to be heard; that the matter had been continued from a previous setting on Tuesday of this week to accommodate Mr. Sweet and that, if for no other reason, as a matter of common courtesy, he could have advised the Court of his intention of not being present. The Court has had no conversation with counsel opposite and now makes inquiry as to what says the defendant.
Whether Sweet had good cause to fail to show up at the hearing is not a question at all. There are those who hesitate in suggesting things are impossible; however, we, support the notion that it is impossible to be in two places at the same time. In the case sub judice, the chancellor was notified that Sweet was in another trial, in another county, and in another part of the state. In his motion for continuance, which the court granted, Sweet informed the court that he was available for trial the following week. Counsel opposite likewise knew that Sweet was in another trial and would be unavailable until the following week. In the end, Sweet had good cause.
To complete the balancing test provided in H & W Transfer, we note that Terry has a colorable defense to the merits of Lorene's claim. In his answer to Lorene's complaint, Terry denied all allegations. Terry's best defense to the claim, however, is the fact that because the chancellor heard the case in Terry's absence, he did not consider Terry's claims asserted in his original bill for divorce. Consequently, the second factor also weighs in Terry's favor.
The final factor also weighs in Terry's favor because Lorene would have suffered no appreciable prejudice had the court set aside its judgment. King, 556 So.2d at 719. The motion was filed shortly after the judgment was entered. Lorene, however, asserts that the untimeliness of Terry's motion "must also be considered as an additional significant factor with which to deny the appeal." This, however, is not the case. What Lorene has done is characterized Terry's motion as one under Rule 59, which would make the filing date untimely. Under Rule 60, however, a reasonable time is allowed. See, e.g., Cunningham v. Mitchell, 549 So.2d 955, 958 (Miss. 1989) (29 days can be seen as a reasonable time); Menier v. U.S., 405 F.2d 245 (5th Cir.1968) (two years not unreasonable).
After reviewing this case, we find that the chancellor abused his discretion in refusing to set aside the judgment entered in this case. Not only did the attorney demonstrate good cause, the other factors also weighed in his favor. By conducting this hearing, knowing counsel was in another trial, the chancellor deprived Terry of his right to a trial on the merits of his claim. He had a valid cause of action that deserved to be heard.
Had the chancellor believed that Mr. Sweet created the conflict, he should have dealt with him. The lawyer's conflict should not deprive his client of his day in court. Rule 60 allows the trial judge to reflect on a judgment and do what is just. Had there been any reflection on the circumstances involved in this case, we believe that the chancellor would have concluded that justice would have demanded that the original judgment be set aside. We, therefore, conclude that the chancellor abused his discretion in denying the appellant's motion. This case is reversed and remanded for a hearing on the merits.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.
ROY NOBLE LEE, C.J., dissents.
NOTES
[1] Lorene's counsel sent a similar letter to the chancellor.
[2] The concurring opinion in King explained that where a party, who submitted a motion to set aside judgment but did not designate a particular rule, files within the ten day period of entry of the judgment, "it would seem to my mind reasonably clear the motion ought to be considered as one under Rule 59(e)... ." Id. at 720. Accord, Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990) How a court treats a motion for reconsideration turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e). If it is after that time, it falls under Rule 60(b).
[3] During the hearing on this motion to set aside the judgment, Sweet not only presented copies of his telephone records and messages taken by his secretary, but he also submitted affidavits of his secretary and the Jefferson County Circuit Clerk.