GRIFFIS, P.J.,
dissenting:
¶ 16. My colleagues have concluded that Chancellor Alderson abused his discretion when he denied Toulman Boat-wright’s Amended Motion to Alter or Amend or for a New Trial Pursuant to Rule 59 and 60 (the “motion”). I do not. Therefore, I must respectfully dissent. I am convinced that this Court should consider the issues raised in this appeal and decide the case on the merits.
¶ 17. In their opinions, both the majority and Judge Russell agree that this case should be reversed. They only disagree as to what should be done on remand. The majority would have Chancellor Alderson review the record, which we have before this Court, and then decide the motion. Judge Russell would make mandatory that which is discretionary, under Mississippi Rule of Civil Procedure 63(b), and require the parties to retry this case before Chancellor Alderson. Neither result advocated by my colleagues will lead to “the just, speedy, and inexpensive determination” of this action. M.R.C.P. 1.
¶ 18. We must begin with the proper standard of review for this appeal. In Perkins v. Perkins, 787 So.2d 1256, 1260-61 (¶ 9) (Miss.2001), the Mississippi Supreme Court held:
“This Court’s scope of review in domestic relations matters is limited.” Montgomery v. Montgomery, 759 So.2d 1238, 1240 (Miss.2000). “The findings of a chancellor will not be disturbed by this Court unless the chancellor was ‘manifestly wrong, clearly erroneous[,] or an erroneous legal standard was applied.’ ” Id. “Our standard of review when evalu *781 ating the denial of a [Rule] 60 motion is abuse of discretion.” Id. An appeal from a denial of a Rule 59 motion may address the merits of the entire underlying proceeding, and review of a trial judge’s denial of a Rule 59 motion is limited to abuse of discretion. Bang v. Pittman, 749 So.2d 47, 52 (Miss.1999) [, overruled on other grounds by Cross Creek Productions v. Scafidi, 911 So.2d 958, 960 (¶ 6) (Miss.2005) ]; Dissolution of Sanford v. Sanford, 749 So.2d 853, 357 (Miss.Ct.App.1999). Review of a denial of a Rule 60(b) motion considers only whether a judge abused the broad discretion granted by that rule which provides for extraordinary relief granted only upon an adequate showing of exceptional circumstances, and neither ignorance nor carelessness on the part of an attorney will provide grounds for relief. King v. King, 556 So.2d 716, 722 (Miss.1990). A party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough. Id. at 722.
¶ 19. Rule 63(b) of the Mississippi Rules of Civil Procedure provides that the substitute chancellor “may in his discretion grant a new trial.” The rule certainly does not require the chancellor to grant a new trial. Indeed, Judge Russell’s opinion makes it mandatory, which the rule does not provide. Chancellor Alderson had the power to order a new trial, and he chose not to order the parties to start from the beginning with a new trial. I cannot say he abused his discretion in this decision.
¶ 20. The majority seems to question whether Chancellor Alderson actually considered the merits presented in the motion or whether he simply “punted” this case to the appellate courts. The majority quotes •part of Chancellor Alderson’s exchange with attorney Helen Robinson during her argument on the motion. The following is part of the exchange between Robinson and Chancellor Alderson:
Robinson: ... This Court cannot make a fair determination in this matter without hearing all the evidence Judge Roberts’[s] ruling was based on and as we suspected all along prior to the new evidence. We had planned on filing and appeal based on bias.
The evidence will show that throughout the hearing Judge Roberts tried to find any reason he could to incarcerate Mr. Boatwright. The evidence, if you read just the judge’s ruling without reading the whole transcript, his ruling was bias[ed]. No witness on Mr. Boatwright’s side was credible. Nothing that was said regarding Mr. Boatwright was credible, but everything that was said on the other side is just etched in stone. I mean, I can’t rehash every issue of bias before this Court and it’s not what this Court’s—
The Court: You know what this sounds like to me?
Robinson: —really here to rule on.
The Court: Sounds like something the appellate courts need to be hearing rather than me hearing it.
Robinson: Well, Your Honor, I think a lot of cases when another — I understand your position because you didn’t hear any of the evidence and we’re asking you to set aside another judge’s judgment. I understand that—
The Court: There is no way that I can do equity to Mr. Boatwright or to Ms. Boatwright with no more than I know about this case. The only way that I *782 could do equity or do justice to them would be to completely start anew.
Robinson: That’s what we’re asking for.
The Court: I know that’s what you’re asking for, but what I’m trying to say is that rather than me starting anew, I think the proper way to do it is to let the appellate courts earn their dollar and let them hear it and let them determine whether or not there has been any wrongdoings in the matter. And if it has they’ll send it back. Otherwise what will happen is we will go ahead and hear the thing and then regardless of how I rule it’s going to go down to the Supreme Court. And then they can turn around and reverse it and send it back saying I shouldn’t have done it. That’s the reason I’m saying that this is an appellate matter right now as far as this Court’s concerned.
¶21. After this exchange, Robinson called Kent Smith as a witness. When Smith’s testimony finished, Chancellor Alderson ruled:
You know this is a case that needs to get on down to the appellate courts. I’m overruling your motion for a new trial[,] and I’m telling you now that I will not be setting attorney’s fees.
We will see what the appellate courts [say] about that. If the appellate court decides that either side is entitled to attorney’s fees they’ll so state. And they might [set it] themselves or they might send it back,....
¶ 22. The majority opinion is premised on the finding that Toulman, through his counsel Robinson, asked Chancellor Aider-son to order a transcript of proceeds to review for his consideration of the motion. She did not. Therefore, I am of the opinion that'this issue was not presented to the chancellor and that it was not preserved for appeal. See Mabus v. Mabus, 890 So.2d 806, 811 (¶ 20) (Miss.2003).
¶ 23. In response to Judge Russell’s separate opinion, I find that Robinson specifically asked Chancellor Alderson to order a new trial that would start anew. Yet Chancellor Alderson considered this request and expressly denied it. Apparently, he was convinced that justice required the denial of the motion for new trial; and under Rule 63(b), it was within his discretion.
¶ 24. Having reviewed Toulman’s motion, the arguments made to Chancellor Alderson and the chancellor’s ruling, I conclude that Chancellor Alderson did not abuse his discretion in the denial of the motion. The only “newly discovered evidence” is related to his claim that the previous chancellor was biased and should have recused. That is the very same issue that is before this Court on appeal. We can, and should, resolve the issues raised in a more expeditious manner than if we send this case back to Chancellor Alderson with instructions to do what some members of this Court think he should have done.
¶ 25. For these reasons, I would not reverse and remand this case for further proceedings. Instead, I would consider the appeal on its merits.
CARLTON, J., JOINS THIS OPINION.