486 So.2d 1240 (1986)
Celeste Cechetini LEONARD
v.
James Michael LEONARD.
No. 56692.
Supreme Court of Mississippi.
March 19, 1986.
*1241 H.M. Yoste, Jr., Bodron & Yoste, Vicksburg, for appellant.
H.E. Kellum, III, Jackson, for appellee.
Before WALKER, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:
Celeste Cechetini Leonard brings this appeal from a judgment of the Chancery Court of the First Judicial District of Hinds County, Mississippi, that she is in contempt of court for failure to comply with several provisions of a child custody, visitation and support decree.
The Leonards obtained a divorce in the same Hinds County Chancery Court on October 27, 1983, employing our statute authorizing the granting of divorces on grounds of irreconcilable differences. Miss. Code Ann. § 93-5-2 (Supp. 1985). The separation agreement incorporated into the divorce decree made provision for the custody and support of Jessica Ann Leonard, apparently the sole child born of the marriage.
On July 23, 1985, following an apparent dispute regarding summer visitation privileges, James Michael Leonard filed his motion seeking to have his ex-wife adjudged in contempt on at least four counts. A hearing on the motion was scheduled for August 8, 1985, prompt notice of which was given to Celeste's counsel. Celeste in due course filed an answer and contemporaneously therewith a motion for continuance. One of the bases for the continuance request was that Celeste's counsel had a previous bona fide professional obligation in the form of a trial setting in the County Court of Warren County, Mississippi, that setting requiring counsel's presence in Warren County on the same date as the contempt hearing was scheduled in Hinds County in the instant matter. Counsel's obligation to appear in the County Court of Warren County emanated from a setting announced July 8, 1985  some 15 days prior to the setting of the contempt hearing in the case at bar.
In the face of this seemingly well founded request for a continuance, the Chancery Court, on August 8, 1985, entered its order denying same and stating in the order that
the court holds without reviewing the grounds offered by movant [Celeste Cechetini Leonard] that, even if all the grounds alleged are true, continuances from contempt matters are not granted by this court under any circumstances.
The next day, the Chancery Court entered its final judgment, reciting that the Plaintiff, James Michael Leonard, was present in open court but that his ex-wife, Celeste, was not, viz, "the Defendant neither appearing nor being represented by counsel, ... ." Celeste was thereupon adjudged in contempt and now appeals.
The granting or denying of a continuance is ordinarily a matter committed to the sound discretion of the trial judge. Red Enterprises, Inc. v. Peashooter, Inc., 455 So.2d 793, 796 (Miss. 1984). Reversal on appeal is considered seriously only where the failure to grant a continuance represents a clear abuse of discretion. Bay Springs Forest Products, Inc. v. Wade, 435 So.2d 690, 692 (Miss. 1983). Any court which has an automatic policy that in a certain type of case requests for continuances "are not granted by this court under any circumstances" is not exercising discretion. It is acting arbitrarily and capriciously and its actions in this regard are entitled to little immunity from reversal.
There is a widespread practice in the courts of this state  federal courts and state courts, trial courts and appellate courts  recognizing that, absent unusual circumstances, a bona fide trial setting in one court will entitle an attorney to a continuance of other cases which may subsequently be called for setting in other courts. See Rule G-7, Local Rules, United States District Court for the Northern District *1242 of Mississippi. No doubt courts in the control of their dockets have authority to require lawyers, as officers of the court, to perform tasks many regard as necessitating skills in magic. We do not, however, expect a lawyer to be two places at once. We had thought this view universally accepted. So that there will be no doubt hereafter, we declare the above practice a rule which is enforceable in every court of this state.
On the sketchy record presented to us, we can only conclude that for August 8, 1985, Celeste's attorney  in a matter obviously having no relationship to the case at bar  had a prior professional commitment by virtue of a firm, bona fide obligation to appear on behalf of another client in another case in the County Court of Warren County, Mississippi. From and after July 8, 1985, the date on which this County Court setting was announced  and so long as that setting remained firm  Celeste and her counsel became entitled to invoke that setting as a basis for avoidance of any subsequent settings in any other courts on the same date, until counsel had had a reasonable opportunity to conclude the proceedings in the County Court. Because this rule was not honored by the Chancery Court in the case at bar, and because in fact the rule was arbitrarily and for no apparent reason rejected out of hand, we hold that the judgment of August 9, 1985, shall be, and the same hereby is, vacated in all respects, and this matter is remanded to the docket of the Chancery Court of the First Judicial District of Hinds County, Mississippi for proceedings on the pending pleadings ab initio.
A postscript should be added. The object of any child custody and support decree is the accomplishment of that which is in the best interest of the child. Spain v. Holland, 483 So.2d 318 (Miss. 1986); Albright v. Albright, 437 So.2d 1003, 1005 (Miss. 1983). Though the record before us is quite sketchy, it is full enough to suggest that, at least in the past, the best interest of Jessica Ann Leonard is a matter neither Celeste Cechetini Leonard or James Michael Leonard has been about to let take precedence over his or her personal convenience. We say this to emphasize our hope that these two parties may find it within themselves to do what we are required to do  seek the best interest of the child  to the end that there will be no more battles regarding custody, support and visitation privileges.
REVERSED AND REMANDED
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.