ROBERTSON, Justice, for the Court:
I.
A Gulf Coast lawyer appeared in court thirty-five minutes late for a scheduled trial, and the Circuit Court fined him $250.00 plus the costs the county had incurred in summoning jurors who had to be released. The lawyer appeals, mounting a substantial challenge to the process he received below.
We affirm, with the limited exception that we reduce the fine to the $100.00 maximum provided by rules of court.
II.
David P. Oliver is duly licensed to practice law in the State of Mississippi and has and maintains his law office in Gulfport, Mississippi. In early 1989, Oliver represented a man named Zachery Alviers, who had been convicted in the Municipal Court of the City of Bay St. Louis, Mississippi, of misdemeanor offenses of public drunkenness, disorderly conduct, and resisting arrest. Alviers had perfected an appeal to the Circuit Court of Hancock County where the cases were scheduled for trial de novo.
The Circuit Court originally set the cases for trial on the morning of September 11, 1989. That setting was cancelled and the cases continued. On September 13, 1989, the Court issued written notice to counsel for both sides that the cases had been rescheduled for trial on Thursday, September 21, 1989, at 9:30 a.m. in the Circuit Court of Hancock County before Circuit Judge Jerry O. Terry.
At some time thereafter, the Chancery Court of Harrison County, Mississippi, scheduled a hearing for the morning of September 21, 1989, in an unrelated matter in which Oliver was counsel for one of the parties. The next detail afforded in the record is that, at approximately 7:00 o’clock on the evening of September 20, Oliver telephoned Judge Terry at his home and advised Judge Terry of the conflicting trial settings. Nothing in the record suggests that Judge Terry released Oliver from his obligation to appear in Circuit Court at 9:30 the next morning. However, at Oliver’s request, Judge Terry, that same evening, telephoned Harrison County Chancery Judge William L. Stewart at his home and told Judge Stewart of the prior setting and that he, Judge Terry, had a jury coming in and that “Mr. Oliver’s case [is] first up,.... ” Judge Stewart then told Judge Terry, “Well, then, you’ve got him.” The record fails to reflect whether there was any further communication that evening between Oliver and either Judge Terry or Judge Stewart.
At any event, at 9:30 on the morning of Thursday, September 21, 1989, the Circuit Court convened and the reporter’s notes reflect the presence of the prospective ve-nire persons. The Court called the cases of City of Bay St. Louis versus Zachery Alvi-ers. The prosecuting attorney for the City of Bay St. Louis was present and announced ready for trial. The defendant, Zachery Alviers, was present as well. The record reflects “defense attorney was not yet present.”
The Court waited until 9:55 a.m. and, when Oliver had not appeared or communicated with the Court, the jurors were discharged.
At 10:05 a.m., Oliver arrived at the courthouse in Bay St. Louis and, in open court, sought to justify his tardiness. He referred to the conflicting Chancery Court setting, although he acknowledged, “I knew that this criminal matter had priority.” Oliver said he had called the office of Henry J. Cook, III, the attorney for the City of Bay St. Louis, at 9:10 that morning and advised that he was trying to arrange for someone else to appear in Chancery Court and that he, Oliver, went to the Chancery Court that morning and secured the assistance of another lawyer to appear for him there. This done, Oliver says that he left Gulfport and at 9:20 or 9:25 a.m., driving the speed limit, drove to Bay St. Louis, only to arrive at 10:05 a.m.
The Circuit Court heard Oliver fully but, in the end, rejected his excuse and found that Oliver was in contempt of court and imposed a fine of $250.00. In addition, the Court found that the reason the jury had to be discharged was that by 9:55 a.m., Oliver *1258 had not appeared or called the Court to advise he was going to appear. The costs incurred incident to summoning the jurors who had appeared that morning but who had been discharged was $300.00. Accordingly, the Court assessed Oliver with the $300.00 jury costs.
Oliver now appeals to this Court.
III.
Oliver spends considerable time in his brief arguing the difference between civil and criminal contempt and, within the category of criminal contempt, the difference between direct and construetive/indi-rect contempt. The bottom line of his argument is that, because substantial facts regarding the question of whether he was in contempt occurred outside the presence of the Court, Judge Terry had no authority to proceed in the matter and his trial should have been held before another judge. We do not find things nearly so complicated.
Long before the advent of formal written rules of court, lawyers knew they were supposed to be in court on time. Some ten years before David Oliver failed to appear on time, the Circuit Court had valid and enforceable formal rules to this effect. In the Uniform Circuit Court Rules (1979), we find:
RULE 3.01 PARTICIPANTS MUST BE PROMPT
All jurors, officers of the court, witnesses and attorneys, whose presence is necessary for the trial of the cases set down for that day shall be on hand promptly at the time fixed for the opening of the court.
As this matter involves a criminal prosecution, the Uniform Criminal Rules of Circuit Court Practice (1979), apply as well. There we find:
RULE 5.01 COURTROOM DECORUM
Every person whose presence is required for the conduct of the business of the court shall be prompt in attendance.
# * * # ¡⅝ #
... The judge may also fine any violator of courtroom decorum rules but not in excess of one hundred dollars.
These rules were in full force and effect on September 21, 1989.
There is no question but that Oliver was aware that he was required to be in the Circuit Court of Hancock County at 9:30 a.m. He was aware as well that the Circuit Court setting had been made prior to the Chancery Court setting and that the Circuit Court setting had priority. See Leonard v. Leonard, 486 So.2d 1240, 1242 (Miss.1986). We are well aware that most of this state’s lawyers practice in many courts and that conflicting trial settings are a not infrequent occurrence. Where a lawyer receives a second setting on a date when he already has a prior court commitment, it is incumbent upon that lawyer to notify the second court immediately of the first setting and secure a rescheduling of the second matter. We have made it clear that, in the unlikely event the judge presiding over the court making the second setting does not respect the prior setting, we will afford relief. See Leonard v. Leonard, supra.
In the present case, it appears that Oliver asked Judge Terry to do what he, Oliver, should have done; that is, telephone Judge Stewart and secure a resetting of the Chancery matter. Even though Judge Terry accommodated Oliver, the record does not reflect that Oliver even went to the trouble to find out that he was “off the hook” for his Chancery setting. A review of the record leaves us with the firm and definite conviction that, had Oliver attended to business and acted responsibly, he could easily, on the evening of September 20, have secured a postponement of the Harrison County Chancery matter and been in Circuit Court in Hancock County on time the next morning.
The Circuit Court afforded Oliver a full opportunity to tell his side of the story and explain his tardiness. The Court found Oliver’s excuse unavailing. Though we choose not to characterize Oliver’s conduct as contempt, he clearly violated Rule 3.01, Miss.Unif.Cir.CtR. and Rule 5.01, Miss. *1259 Unif.Crim.R.Cir.Ct.Prae. We hold the Circuit Court well within its authority, with the limited exception to be noted.
IV.
There is one point where we must reverse. The Circuit Court imposed a fine of $250.00. Rule S.01 does not specify a penalty, although Rule 1.02 provides offenders “may be punished as for contempt.” [1] Rule 5.01 provides that the court may impose a fine “not in excess of $100.00.”
These rules conferred upon the Circuit Court no authority to fine Oliver in excess of $100.00. We hold that Oliver’s fine be reduced from $250.00 to $100.00 and thereupon stand affirmed.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ. and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.

. Cf. Miss.Code Ann. § 9-1-17 (1972) which provides a maximum punishment for "contempt of the court while sitting" as a $100.00 fine or thirty days imprisonment, or both.