IRVING, J.,
for the Court.
¶ 1. Marcus Conner was convicted by a jury of the Circuit Court of Clarke County of robbery by use of a deadly weapon and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Feeling aggrieved by the decision, he appeals, presenting the following issues for review: (1) whether the circuit court committed reversible error in not granting a continuance to him, as requested by his attorney, (2) whether the circuit court committed reversible error in refusing to hear his motions to suppress, and (3) whether the circuit court committed reversible error in failing to grant a directed verdict at the end of the State’s case.
¶ 2. Ascertaining no reversible error, we affirm.
FACTS
¶ 3. On June 30, 2000, at approximately 11:30 a.m., two men, one armed with a handgun, entered the Shubuta branch of the First State Bank. The men, who had tee shirts around their faces to conceal *255 their identities, demanded money from the bank employees. The robbers canvassed the bank’s drawers and vault and took over $6,000. The two men then abruptly exited the bank.
¶ 4. Approximately two weeks later, someone gave an anonymous tip to the Clarke County Sheriffs Department. The tip named three people who were possibly involved in the armed robbery at the Shu-buta bank. One of those named was Marcus Conner.
¶ 5. After being asked by authorities to come to the sheriffs department, Conner did so voluntarily. While at the station, and after being read his Miranda rights, he gave four statements, the last of which was incriminating.
¶ 6. A Clarke County grand jury later indicted Conner for robbery by use of a deadly weapon. After a two-day trial beginning on August 21, 2001, a Clarke County jury convicted Connor of the crime. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Connor thereafter filed a motion for a new trial which was denied by the circuit court. He now brings this appeal.

1. Granting of Continuance

¶ 7. Conner first argues that the circuit court erred when it failed to grant his request for a continuance. He asserts that his appointed counsel was derelict in his duties in representing him before he obtained a new attorney. Connor further explains that when he obtained a different attorney that the circuit judge should have granted his request for a continuance to allow his new counsel time to prepare his case. He therefore concludes that his due process rights have been violated.
¶ 8. A review of the record indicates that Connor failed to assert this issue in his motion for a new trial. In Walker v. State, 671 So.2d 581, 592 (Miss.1995), our supreme court stated, “the denial of a continuance in the trial court is not reviewable unless the party whose motion for continuance was denied makes a motion for a new trial on this ground.” We, therefore, do not need to review this contention on appeal.
¶ 9. Procedural bar notwithstanding, we review the merits of Connor’s claim. The decision whether to grant or deny a continuance is a matter left to the sound discretion of the trial court. Id. Unless manifest injustice is evident from the denial of a continuance, an appellate court will not reverse. Id.
¶ 10. In the case sub judice, manifest injustice is not evident. The record demonstrates that on August 31, 2000, Connor requested to have a court-appointed attorney because he claimed that he was indigent. On the same day, the circuit judge granted this request and appointed David Stephenson, as a public defender, to represent Connor. Connor retained Stephenson as his counsel from the time Stephenson was appointed until five days before trial. At that time, Connor, who had managed to secure money to hire an attorney, then attempted to hire Eric Tiebauer to be his counsel. However, Tiebauer soon after declined to represent Connor because he was unable to obtain a continuance in the matter. Approximately the same day, Connor hired Stanford Young as his counsel. On August 20, 2001, one day prior to trial, Young filed a motion for a continuance. In the motion, Young alleged that he had “just been employed and cannot be prepared to try the case.”
¶ 11. The record reflects that Connor’s case had been set for trial previously and at least one continuance had been granted, although the reason for the continuance is not evident in the record. On the day of *256 Connor’s trial, both Stephenson and Young appeared before the court. With both counsel present, the following dialogue transpired between the court and Connor:
COURT: I want to know if you want Mr. Young tó be your lawyer •in that courtroom and represent you in this trial or whether you want Mr. Stephenson. Which one do you want?
CONNER: Mr. Young.
COURT: You want Mr. Young?
CONNER: Yes, sir.
COURT: Do you understand that he has made a claim that he’s not adequately prepared to represent you in that courtroom because of your late hiring of him—
CONNER: Yes,' sir.
COURT: — four or five days before your trial?
CONNER: Yes, sir.
COURT: You still want him under those circumstances?
CONNER: Yes, sir.
COURT: You’re willing to then — for me to release Mr. Stephenson as your attorney, is that what I understand you to say?
CONNER: Yes, sir.
¶ 12. After the conclusion of the colloquy and further discussion between the court, the prosecutor, and Young, the trial judge denied the motion for a continuance, finding that the case had been set for trial once previously, and that it was a familiar tactic of criminal defendants to hire new counsel at the last minute for the purpose of attempting to obtain a continuance.
¶ 13. We do not see how any manifest injustice occurred under these circumstances, and consequently, do not find that the circuit court abused its discretion in denying Conner’s request for a continuance. Connor unequivocally stated that he wanted to proceed with Young as his attorney, irrespective of the possibility that Young may not have been fully prepared to represent him. Moreover, Connor does not offer any insight as to how his defense would have been handled differently had the continuance been granted. This issue is without merit.

2. Motion to Suppress Confessions

¶ 14. Conner next contends that the circuit court committed reversible error in refusing to conduct a pre-trial hearing on his motion to suppress the four statements that he gave to authorities. While Connor asserts that the trial court committed reversible error by not holding a hearing on his motion to suppress his allegedly illegally-obtained confessions, he does not state any reasons for concluding that the confessions were obtained illegally. Also, the record reflects that, when the statements were admitted into evidence during the State’s case-in-chief, Conner did not object.
' ¶ 15. Although Conner failed to object to the admissibility of the statements, he did, during the presentation of the defense, testify that he was scared and pressured to give the statements, that the officers basically told him what to write in the statements, and that he was promised the opportunity of going back to school if he confessed. He gave no specific details of what was done that constituted the pressure except being threatened with a prison term if he did not confess. However, he admitted that he was not threatened physically or touched. He further testified that he asked for a lawyer prior to giving the statements but was ignored.
¶ 16. Since Conner did not object to the admissibility of the statements, we *257 do not understand his argument that prejudicial error occurred when the trial judge refused to hold a pre-trial hearing on the admissibility of the statements. The refusal of the trial judge to hold a pre-trial hearing on the admissibility of the statements did not, in any way, prevent him from objecting to the admission of the statements when they were offered. In other words, the ruling, that there would be no pre-trial hearing on the admissibility of the statements, was not a ruling that the statements were admissible. It was simply a ruling that the trial proceedings would not be halted for a separate pre-trial hearing. Nevertheless, based on our review of the record, even if a timely objection had been interposed, we still would find no error, for the record reveals no such basis to predicate a finding that the confessions were obtained illegally unless, of course, Conner’s testimony is accepted as true and all of the testimony of the various law enforcement officers is rejected as false. And given the liberty interest at stake for Conner, he certainly had a greater motivation to color the truth than did the officers.
¶ 17. The law enforcement officials, who took the statements from Conner, testified and attested to the fact that he freely and voluntarily gave the statements after being advised of his Miranda rights and after voluntarily executing a waiver of rights form. They testified that they neither promised Conner anything nor threatened him in any way to get him to give the statements.

3. Sufficiency and Weight of the Evidence

¶ 18. Finally, Conner presents the issues of the sufficiency and weight of the evidence. However, he fails to make any analysis of the evidence to show how or in what respects it was insufficient to sustain his conviction. Nor does he attempt to demonstrate why allowing the jury’s verdict to stand will sanction an unconscionable injustice. Nevertheless, we have reviewed the evidence and are satisfied that the evidence is sufficient to uphold the jury’s verdict and that no injustice has been committed.
1119. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY OF CONVICTION OF ROBBERY BY USE OF A DEADLY WEAPON AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A $10,000 FINE AND RESTITUTION OF $6,482.60 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.