# IN THE COURT OF APPEALS OF THE ST/TE OF MISSISSIPPI

## NO. 2023-CA-00833-COA

LOUIS R. ZEMEK                                                   APPELLANT

v.

JAMES E. GUNN AND EDWARD D. JONES &                             APPELLEES
CO. L.P.

DATE OF JUDGMENT:            06/20/2023
TRIAL JUDGE:                 HON. LINDA F. COLEMAN
COURT FROM WHICH APPEALED:   COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      KAYLYN HAVRILLA McCLINTON
ATTORNEYS FOR APPELLEES:     LOCKE HOUSTON WALDROP
                             ZACHARY BLAKE BUSEY
                             CONNER GRAHAM WHITTEN
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:                 AFFIRMED - 09/17/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     Louis Zemek appeals from an order of the Coahoma County Circuit Court confirming an arbitration award against Zemek and in favor of James Gunn and Edward D. Jones & Co. L.P. (EDJ).  On appeal, Zemek argues that the petition to confirm the arbitration award was untimely filed and should have been dismissed.  Zemek further argues that the circuit court abused its discretion in denying his request for a continuance of the hearing on the petition.  Having considered the record, the arguments of the parties, and the relevant caselaw, we affirm the circuit court's order denying Zemek's motion for a continuance and confirming the arbitration award.

**Facts**

¶2.     Zemek, grandson-in-law to Margie Gerrard, opened an investment account with margin privileges in Gerrard's name with EDJ.  Gunn, a financial advisor with EDJ, assisted Zemek in doing this.  To open the account, Zemek presented Gunn with a durable power of attorney that Gerrard had allegedly signed in 2006.  Zemek also executed an affidavit confirming that he held a valid power-of-attorney for Gerrard, and he agreed to indemnify EDJ for any damages incurred from transactions taken under the power-of-attorney.  Over several years, Zemek withdrew substantial funds on margin from the investment account to operate a dairy farm.

¶3.     Later, a conservatorship was established for Gerrard.  Lynette West, the conservator, sued EDJ and Gunn in the Chancery Court of Coahoma County in 2013, alleging negligence and breach of fiduciary duty in allowing Zemek to open the account and withdraw funds.[1]  The case was transferred to circuit court, which granted EDJ and Gunn's motion to dismiss the complaint and compel arbitration.

¶4.     Gerrard died on March 29, 2013.  On October 13, 2014, Edward Peacock, the administrator of the Gerrard estate, initiated the arbitration proceedings against EDJ and Gunn.  In their response, EDJ and Gunn included a third-party claim against Zemek for indemnification.  On December 15, 2015, EDJ and Gunn resolved claims with the estate and agreed to pay the estate $290,000 in compensatory damages and $50,000 in attorney's fees.

¶5.     Arbitration of EDJ's third-party claim against Zemek began on September 13, 2016,

---

[1]  The executor contended that the power of attorney had been forged.

2

before a three-member panel. Zemek hired an attorney, Roy Parker, who did not file an appearance but did appear at the arbitration proceeding on Zemek's behalf. Parker argued, among other things, that Zemek was never served with process and that Gunn and EDJ had not filed a claim in Zemek's bankruptcy case. Gunn and EDJ responded that they had no notice of any bankruptcy, which Zemek failed to prove had been filed. Parker also claimed that Zemek was on active-duty in the military, which prevented him from attending the arbitration, and sought an adjournment. However, no proof of Zemek's military status was provided at the hearing. The panel denied Zemek's postponement request, and Gunn and EDJ proceeded to present their proof.

¶6. After the hearing, the arbitrators determined that Zemek was serving in the military, and the panel gave him ninety days to present proof of how his military duties affected his ability to be present at the arbitration. Zemek never submitted anything to the panel in response. On August 31, 2017, the arbitration panel found in favor of EDJ and Gunn and against Zemek and awarded them $290,000 in compensatory damages and $50,000 in attorney's fees.

¶7. On April 24, 2018, Gunn and EDJ filed a petition to confirm the arbitration award in the Coahoma County Circuit Court. The clerk issued a Rule 4 summons to Zemek on April 24, 2018, and a process server, Kenneth White, filed a return on May 7, 2018, stating that he had personally served Zemek on April 29, 2018.

¶8. Zemek did not file an answer to the petition, but on May 23, 2018, he filed a pro se "Special Limited Appearance to Contest Petition for Confirmation and Arbitration Award

3

on the Grounds of Jurisdiction." Zemek alleged that he was never served and that the court did not have jurisdiction over him. On February 19, 2019, EDJ and Gunn filed a motion to strike the limited appearance and attached the sworn return of service of process. A hearing was set for August 14, 2019, on both the motion to strike and the petition to confirm the arbitration award.

¶9.     Prior to the hearing, on July 30, 2019, Zemek retained T.K. Moffett to represent him. Moffett filed a "Motion for Special Limited Appearance for Purpose of Challenging Jurisdiction and Lack of Prosecution" on behalf of Zemek. Despite the title, the motion only raised the insufficiency of service of process and contained no allegations relating to lack of prosecution. Moffett noticed this motion for August 14, 2019, as well. Zemek filed no answer to the petition to confirm the arbitration award—only these special appearances to challenge jurisdiction.

¶10.     Apparently there was no hearing on August 14, 2019, and the record does not reflect why. Thereafter, the court approved new counsel for EDJ on August 22, 2019, and another EDJ attorney withdrew on May 3, 2022. A year later, on May 9, 2023, Gunn and EDJ filed an amended notice of hearing on the petition to confirm the arbitration award, setting the matter for June 13, 2023. The notice of hearing included a "Certificate of Consultation" in which the attorneys for EDJ and Gunn stated that they had tried to contact Zemek's attorney, Moffett; however, he had retired from practice, so they sent the notice of hearing directly to Zemek at all the addresses they had for him.

¶11.     On June 5, 2023, Moffett died, and Zemek retained Mark McClinton to represent him

sometime between then and June 8, 2023.

¶12. At the June 13, 2023 hearing on the petition to confirm the arbitration award, Mary Waldrop, the attorney for EDJ and Gunn, explained to the court the reasons for the delay in moving the case forward and the issues they experienced in noticing the hearing for that day. Waldrop told the court that several years before Moffett died, she visited Moffett in 2019 and tried to negotiate a consent order, but she was unsuccessful. Then in 2020, the COVID-19 pandemic hit. In 2022, they revived the case and tried to set it for a hearing. Waldrop said she tried to reach Moffett and finally heard from his spouse that he had retired due to health issues. Waldrop finally just set the petition for hearing and sent the notice to Moffett. Moffett's spouse called Waldrop to inform her again that Moffett had retired. Waldrop asked Mrs. Moffett if Mr. Moffett would permit Waldrop to contact Zemek directly. Mrs. Moffett indicated that her husband had a tracheotomy and could not speak. Waldrop told her that she (Waldrop) felt uncomfortable contacting Zemek directly since Moffett was still his counsel. Mrs. Moffett said she would try to reach Zemek.

¶13. Waldrop told the court that she proceeded to mail the notice of hearing to every address she had for Zemek, and just that morning, June 13, 2023, as she pulled into the courthouse parking lot, Waldrop received an email and voice message from Amy Strickland, McClinton's assistant. Strickland said that Moffett died the previous week, and Zemek had just retained McClinton. In her message, Strickland further stated that because McClinton was a court-appointed attorney on several other matters, he was required to be in court in Union County that day and could not attend the hearing on this matter. Neither Zemek nor

5

McClinton appeared at the hearing.

¶14. The court considered McClinton's assistant's communications with Waldrop and with the court's own administrator as an ore tenus motion for a continuance. After denying the continuance, the court stated that it felt it could rule on Zemek's claims of service of process and venue.[2] On June 20, 2023, the court entered its final order, which included its denial of Zemek's motion to continue the hearing. The court found that Zemek had been properly served in 2018. The court further found that Gerrard had lived in Coahoma County and had originally filed suit against EDJ and Gunn in Coahoma County. Therefore, the court found that it had jurisdiction and that the venue in Coahoma County was proper. Because none of the grounds for setting aside an arbitration award listed in Mississippi Code Annotated section 11-15-23 (Rev. 2019)[3] had been shown, the court confirmed the award.

¶15. Zemek appealed from the circuit court's order on July 17, 2023. On appeal, Zemek

---

[2] The record is unclear regarding why the circuit court dealt with venue.

[3] Section 11-15-23 provides:

Any party complaining of an award may move the court to vacate the same upon any of the following grounds:
(a) That such award was procured by corruption, fraud, or undue means;
(b) That there was evident partiality or corruption on the part of the arbitrators, or any one of them;
(c) That the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent or material to the controversy, or other misbehavior by which the rights of the party shall have been prejudiced;
(d) That the arbitrators exceeded their powers, or that they so imperfectly executed them that a mutual, final, and definite award on the subject matter was not made.

6

raises the following issues: (1) whether Gunn and EDJ's petition to confirm the arbitration award was untimely, (2) whether the court abused its discretion in denying the motion for a continuance; and (3) whether cumulative errors by the circuit court warrant relief.

**Standard of Review**

¶16. "[T]he standard by which an appellate court reviews a trial court's order confirming an arbitration award is that questions of law are reviewed de novo and questions of fact are reviewed only for clear error." *White v. Cmty Bancshares of Miss. Inc.*, 310 So. 3d 842, 845 (¶8) (Miss. Ct. App. 2021) (citing *D.W. Caldwell Inc. v. W.G. Yates & Sons Constr. Co.*, 242 So. 3d 92, 99 (¶15) (Miss. 2018)). "Every reasonable presumption will be indulged in favor of the validity of arbitration proceedings." *Id.* at 845-56 (¶8) (citing *Wilson v. Greyhound Bus Lines Inc.*, 830 So. 2d 1151, 1155 (¶9) (Miss. 2002)). "This Court reviews the denial of a continuance under an abuse-of-discretion standard and will not reverse a denial unless manifest injustice has resulted from the failure to grant a continuance." *Smith v. State*, 373 So. 3d 586, 589 (¶9) (Miss. Ct. App. 2023).

**Discussion**

I.      **Whether the petition to confirm the arbitration award was untimely filed or time-barred.**

¶17. Zemek argues that EDJ and Gunn did not timely file their petition to confirm the arbitration award. We note that Zemek did not raise this issue in either of the special appearances filed. In those special appearances, he only claimed that he was not served with process. Although he put the words "lack of prosecution" in the title of one of his appearances, he pleaded no facts or authority to support his allegation of "lack of

7

prosecution."[4] Zemek did not raise the issue to the circuit court and pleaded only that he was not served with process. "One of the most fundamental and long-established rules of law in Mississippi is that an appellate court will not review matters on appeal that were not raised at the trial court level." *Parker v. Ross*, 367 So. 3d 151, 157 (¶18) (Miss. 2023); *accord Stowe v. Edwards*, 331 So. 3d 24, 33-34 (¶¶33-34) (Miss. Ct. App. 2021) (holding that plaintiffs waived their tolling argument by failing to raise it in the trial court), *cert. denied*, 331 So. 3d 535 (Miss. 2022). Accordingly, Zemek has waived the issue of the timeliness of filing of the petition to confirm the arbitration award on appeal.

¶18. Notwithstanding the procedural bar, we find that the confirmation petition was timely filed. The processes for filing actions for confirmation of arbitration awards are found in two statutes: Mississippi Code Annotated sections 11-15-21 (Rev. 2019) and 11-15-125 (Rev. 2019). Zemek argues that section 11-15-125 applies in this case; we disagree.

¶19. Section 11-15-21 is codified under the statute's general provisions dealing with arbitrations and provides:

> Upon presentation of the articles of submission and the award to the court designated in the submission or the court having jurisdiction of the subject matter of the award, the court shall, upon motion, confirm the award, unless the same be vacated or modified, or a decision thereon be postponed, as hereinafter provided. An award shall not be confirmed unless notice in writing of such motion shall have been served on the adverse party at least five days before the hearing, to be served as other process; but such motion shall not be made after the expiration of one year from the making and publication of the award.

---

[4] Indeed, it is unclear whether by "lack of prosecution" Zemek meant Gunn and EDJ's delay in bringing the petition to hearing or their failure to file the petition within the statutory limitations period.

8

Under this statute, a party has one year from the date of the arbitration award to file a petition to confirm it.

¶20.    Sections 11-15-101 through -133 deal specifically with arbitrations arising from construction contracts and related agreements. Mississippi Code Annotated section 11-15-101 (Rev. 2019) identifies the kinds of contracts covered by these sections, including but not limited to those involving the design and construction of buildings, highways, et cetera.[5] The confirmation process for an arbitration award is found in section 11-15-125:

> Upon application by a party to the arbitration filed within ninety (90) days of the receipt of the later of a copy of the award issued pursuant to Section 11-15-119, or a modified or corrected award as provided by Section 11-15-123 the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating, modifying or correcting the award, in which case the court shall proceed as provided in Sections 11-15-133 and 11-15-135.

¶21.    In this case, the arbitration dealt with a commercial transaction and not a construction

---

[5] Section 11-15-101(2)-(3) provides:

(2) Sections 11-15-101 through 11-15-143 shall apply to any agreement for the planning, design, engineering, construction, erection, repair or alteration of any building, structure, fixture, road, highway, utility or any part thereof, and to any purchase by, or supply to, any contractor or subcontractor qualified to do business in this state of any materials to be used in the planning, design, engineering, construction, erection, repair or alteration of any building, structure, fixture, road, highway, utility or any part thereof; provided, however, that nothing contained in Sections 11-15-101 through 11-15-143 shall be construed as amending or otherwise affecting the provisions of Sections 65-2-1 through 65-2-17, Section 65-1-89, Section 65-1-91, and Section 77-9-387, Mississippi Code of 1972.

(3) Sections 11-15-101 through 11-15-143 shall also apply to any agreement for architectural, engineering, surveying, planning and related professional services performed in connection with any of the agreements enumerated in subsection (2) of this section.

contract or a matter related to a construction contract. *See Buchanan v. Hope Fed. Credit Union*, 372 So. 3d 111, 116 (¶12) (Miss. Ct. App. 2023) (arbitration over a commercial loan dispute examined under section 11-15-21 et seq.) Therefore, section 11-15-21 applies, and EDJ and Gunn had one year from the date of the arbitration award to request confirmation. Because the award was issued on August 31, 2017, their petition filed on April 24, 2018, was timely.

## II. Whether the court abused its discretion in denying a continuance of the confirmation hearing.

¶22. Zemek next argues that the circuit court erred in denying his ore tenus motion for a continuance.

¶23. "The decision to grant or deny a motion for a continuance is within the discretion of the trial court and will not be grounds for reversal unless shown to have resulted in manifest injustice." *Munday v. McLendon*, 287 So. 3d 303, 313 (¶42) (Miss. Ct. App. 2019). We have affirmed a circuit court's refusal to grant a continuance even when a defendant had retained new counsel just before trial when the defendant showed no manifest injustice occurred. *Conner v. State*, 875 So. 2d 253, 255 (¶13) (Miss. Ct. App. 2004). "The burden of showing manifest injustice is not satisfied by mere conclusory allegations but by concrete facts that show particular prejudice to the defendant." *Berry v. State*, 75 So. 3d 1053, 1059 (¶19) (Miss. Ct. App. 2011). In *Berry*, the defendant asked for a continuance on the day of the trial because he felt his attorney had not properly investigated the case, but he could not say what specifically his attorney had failed to investigate. *Id.* at 1058-59 (¶¶18-19).

¶24. "Moreover, it is within a trial judge's discretion to deny a motion for a continuance

10

that, considering the circumstances, is untimely." *In re E.G.*, 191 So. 3d 763, 775 (¶37) (Miss. Ct. App. 2016). In *E.G.*, a youth court neglect proceeding, the child's mother said her attorney only learned on the day before the trial that their expert medical doctor could not be present, prompting the attorney to file a motion for continuance that day. *Id.* at 774-75 (¶36). The trial court denied the motion because the attorney, who knew weeks before the trial of the need for the doctor to be present, did not subpoena him. *Id.* at 775 (¶37). On appeal, we held that the youth court judge had not abused her discretion in denying the motion for continuance. *Id.*

¶25.    In the case at hand, notice of the June 13, 2023 hearing was sent to Zemek on May 9, 2023. Zemek obviously communicated the hearing date to McClinton because McClinton knew to contact the court about it. However, McClinton never filed a written motion for a continuance, never personally communicated with counsel opposite prior to the hearing, and based on the communication from his assistant, McClinton did not articulate any reason for not appearing other than McClinton's need to appear in another court that day. Had McClinton shown that the court matter in Union County had been scheduled before the matter in this case had been set for hearing, there may have been a basis for granting a continuance. *Leonard v. Leonard*, 486 So. 2d 1240, 1241-42 (Miss. 1986) ("[A]bsent unusual circumstances, a bona fide trial setting in one court will entitle an attorney to a continuance of other cases which may subsequently be called for setting in other courts."). However, McClinton did not indicate that his Union County matter was set before May 9, 2023. McClinton merely communicated that he was not appearing because he was in court

11

in Union County. Zemek had not just retained McClinton on the morning of the hearing; McClinton had at least one or two business days before the hearing to contact the court and counsel opposite of his conflict. He failed to do so.

¶26. On appeal, Zemek argues that the manifest injustice that resulted from the court's denial of the continuance was that it "frustrated [his] ability to have counsel present for him at the hearing." Zemek adds that his attorney would have had time to prepare for the hearing and raise challenges to the arbitration award and the timeliness of the filing of the petition to confirm. However, McClinton did not communicate to the court that he needed time to prepare for the hearing or that he had concerns about the timeliness of the petition's filing (an argument we find has no merit). Zemek and his prior attorney filed the special appearances in 2019 and intentionally chose not to respond to the allegations in Gunn and EDJ's confirmation petition. There was nothing more specific in the record to constitute manifest injustice. Zemek and his prior attorney failed to press for a hearing on the special appearance challenges back in 2019 or thereafter, after which they could have filed an answer and raised any meritorious defense. But they did not.

¶27. In reviewing the file, the trial court noticed that Zemek had filed no answer to the petition to deny any of the allegations. Zemek only claimed that he was not served. To rebut this contention, Gunn and EDJ produced a copy of the sworn service return. "If a process server has executed a return properly, there is a presumption that service of process has occurred." *Collins v. Westbrook*, 184 So. 3d 922, 929 (¶18) (Miss. 2016). Zemek filed nothing in response to the service return to rebut the presumption that he was properly

served.

¶28.    In addition, although he was not required to, Zemek filed no motion under Mississippi Rule of Civil Procedure 59 to request the circuit court to reconsider its ruling on the ore tenus motion for a continuance.  Had he done so, Zemek could have provided the court with the specifics of how the court's denial of the motion resulted in a manifest injustice.  With nothing more in the record than what we have before us, we find the circuit court did not abuse its discretion in denying the motion for a continuance.[6]

### CONCLUSION

¶29.    Because the circuit court did not err, we affirm the circuit court's order denying Zemek's motion for a continuance and confirming the arbitration award presented by Gunn and EDJ.

¶30.    **AFFIRMED.**

　　**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[6] As stated, Zemek alleges cumulative error, but because he identifies no error on appeal, we do not discuss the issue. *In re E.G.*, 191 So. 3d at 768 n.4.

13