963 So.2d 555 (2006)
Terrance GUINN, Appellant
v.
G.T. WILKERSON and Blackburn Motor Company, Inc., Appellees.
No. 2005-CP-01779-COA.
Court of Appeals of Mississippi.
November 7, 2006.
Rehearing Denied April 10, 2007.
*556 Terrance Guinn, appellant, pro se.
B. Blake Teller, Vicksburg, attorney for appellees.
Before MYERS, P.J., BARNES and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. This case comes on appeal from the order of the Circuit Court of Warren County denying Terrance Guinn's motion for relief from judgment pursuant to Mississippi Rule of Civil Procedure 60(b)(6). Finding Guinn's breach of contract claim to be frivolous, the trial judge dismissed the action pursuant to Mississippi Rules of Civil Procedure 12(b)(6) and invoked sanctions under Rule 11. Guinn was unable to attend the hearing on the appellees' motion to dismiss, as well as his own motions for judgment on the pleadings and summary judgment, because he was incarcerated in the Madison County Detention Center. Guinn asserts that the judge erred in denying his motion for relief from judgment because "extraordinary circumstances" prevented his attendance and he should have been afforded an opportunity *557 to be heard. For this reason, Guinn appeals raising the following issue:
WHETHER THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION IN REFUSING TO GRANT RELIEF FROM JUDGMENT PURSUANT TO MISSISSIPPI RULE OF CIVIL PROCEDURE 60(b)(6)?
¶ 2. Finding no error, we affirm the ruling of the trial court.

STATEMENT OF THE FACTS
¶ 3. On March 14, 2005, Terrance Guinn went to Blackburn Motor Company, Inc., in Vicksburg, Mississippi, where he informed the manager, G.T. Wilkerson, that he was interested in purchasing a 2004 Nissan Maxima. Guinn indicated that he would pay cash for the automobile. A cash worksheet was prepared by Wilkerson which established a total cash purchase price of $26,674.95. Guinn requested that Wilkerson sign the worksheet, which he did. Although there is a designated line for the customer to sign for acceptance of the price term, Guinn did not sign there. Instead, he wrote "Acceptance" across the face of the worksheet, signed his name underneath, and dated the document. Guinn then explained that he would need to go and retrieve the necessary funds and would return later to purchase the vehicle. He left the dealership with the worksheet. When Guinn returned, he handed the signed and dated worksheet to Wilkerson and demanded the car be released to him. However, Guinn offered no payment, cash or otherwise, on the vehicle. Wilkerson explained to Guinn that some sort of payment would have to be tendered before the vehicle could be released. Guinn then began accusing Blackburn and Wilkerson of breaching the contract. Wilkerson attempted to explain that the worksheet was not a contract, but that Blackburn would gladly release the vehicle upon receipt of the agreed cash payment. Guinn refused to tender payment and left the dealership.
¶ 4. On March 25, 2005, Guinn filed his complaint in the Circuit Court of Claiborne County. Guinn averred that he had performed fully under a contract for the sale of a 2004 Nissan Maxima and that Blackburn and Wilkerson had breached the agreement by refusing to relinquish the automobile. However, Guinn has failed to make any tender of payment on the automobile. Blackburn and Wilkerson timely filed their joint motion to dismiss, affirmative answers, and a counterclaim requesting relief under Mississippi Rule of Civil Procedure 12(b)(6), sanctions under Rule 11, as well as attorney's fees, economic loss, and punitive damages. A change of venue was also requested by Blackburn and Wilkerson, pursuant to Rule 12(b)(3), and the case was properly transferred to the Circuit Court of Warren County.
¶ 5. On June 2, 2005, Guinn noticed a hearing on his motion for judgment on the pleadings and scheduled it for July 25, 2005. On July 14, 2005, Guinn filed a motion for summary judgment. The hearing on Guinn's motions for judgment on the pleadings and summary judgment, as well as Blackburn and Wilkerson's request for relief under Rules 12(b)(6) and 11 was held as scheduled, on July 25, 2005. Guinn was unable to attend the hearing because he was incarcerated in the Madison County Detention Center on unrelated charges. Although Guinn requested that the court "summons" him for the hearing, he failed to seek a continuance. The hearing proceeded without Guinn and the judge heard a brief argument from Blackburn and Wilkerson. After hearing unsworn statements by Wilkerson and a representative of Blackburn, the judge decided to exclude the statements presented and proceed only on the pleadings. Guinn's motions for judgment on the pleadings and summary *558 judgment were denied and the court granted a dismissal in favor of Blackburn and Wilkerson pursuant to Rule 12(b)(6). Finding Guinn's claim to be frivolous, the trial judge assessed Rule 11 sanctions and awarded Blackburn and Wilkerson $1,607.15 in attorney's fees.
¶ 6. Guinn filed a motion for relief from the judgment under Rule 60(b)(6). He asserted that his absence due to incarceration was through no fault of his own and should be considered an extraordinary circumstance that prevented him from protecting his legal interests. Guinn argued that such circumstances warrant relief under Rule 60(b)(6). The trial judge held a hearing on Guinn's motion, but ultimately denied Guinn's request for relief. Aggrieved by the trial court's ruling, Guinn now appeals.

LEGAL ANALYSIS
¶ 7. "A trial judge's refusal to grant relief under Rule 60(b) is subject to review under an abuse of discretion standard." M.A.S. v. Miss. Dep't of Human Servs., 842 So.2d 527, 530(¶ 12) (Miss. 2003). Relief under Rule 60(b)(6) is reserved for extraordinary circumstances. Id. "As a general rule, the `extraordinary relief' provided for by Rule 60(b), will be granted `only upon an adequate showing of exceptional circumstances,' and gross negligence, ignorance of the rules, ignorance of the law, or carelessness on the part of the attorney will not provide sufficient grounds for relief." Accredited Surety & Cas. Co. v. Bolles, 535 So.2d 56, 58 (Miss. 1988). "Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." M.A.S., 842 So.2d at 530(¶ 12) (quoting City of Jackson v. Jackson Oaks Ltd. P'ship, 792 So.2d 983, 986(¶ 5) (Miss.2001)). "Further, Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case." Id. (quoting Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984)). Accordingly, before a Rule 60(b)(6) motion may be granted, a three-part balancing test must be applied. King v. King, 556 So.2d 716, 719 (Miss.1990). Under this test, the court must determine: (1) whether the movant's basis for requesting relief is legitimate, (2) whether the movant has a colorable defense to the merits of the adjudged case, and (3) whether the non-movant will be unduly prejudiced if the motion is granted. Rich by Brown v. Nevels, 578 So.2d 609, 613 (Miss.1991) (citing King, 556 So.2d at 719).
¶ 8. Here, the court determined that Guinn's incarceration was not an extraordinary circumstance warranting relief from judgment under Rule 60(b)(6), and the final judgment dismissing Guinn's breach of contract complaint pursuant to Rule 12(b)(6) and invoking sanction for a frivolous claim under Rule 11 was left undisturbed. Applying the three-part test outlined above we first must address whether or not Guinn had a legitimate basis for requesting relief. Id. We agree with the trial court that he did not. Guinn's claim is for breach of contract. The elements of breach of contract are: (1) the existence of a valid and binding contract; (2) breach of the contract by the defendant; and (3) money damages suffered by the plaintiff. Favre Prop. Mgmt., LLC v. Cinque Bambini, 863 So.2d 1037, 1044(¶ 18) (Miss.Ct.App.2004). Since Guinn's claim was dismissed pursuant to Rule 12(b)(6), "we must determine whether the allegations of breach, taken as true, are sufficient to state a claim upon which relief may be granted." Id. Even assuming that the worksheet is a contract, which it is not, Guinn fails to show either that Blackburn and Wilkerson had a duty to *559 release the vehicle prior to a tender of payment or that he has suffered any financial loss by their refusal. Guinn does not assert that he has ever tendered payment for this vehicle, and therefore, we find that he has no legitimate basis for requesting relief.
¶ 9. Under the second part of the King/Rich by Brown balancing test, we must determine whether Guinn has a colorable defense to the case as adjudged. Rich by Brown, 578 So.2d at 613. Guinn asserts that his incarceration at the time of trial is an extraordinary circumstance warranting relief under Rule 60(b)(6). We disagree. First, Guinn noticed the hearing for July 25, 2005, and then failed to seek a continuance when it became evident that he would remain incarcerated on that date. This Court will not allow a litigant to escape a final judgment based on his own failure to pursue available procedural remedies. M.A.S., 842 So.2d at 530(¶ 12). Second, we disagree that Guinn's absence was through no fault of his own, and given the opportunity available to him to seek a continuance, we cannot find that his absence, due to incarceration, rises to the level of an extraordinary circumstance warranting relief from judgment under Rule 60(b)(6). We find that Guinn suffered no prejudice by his absence because the judgment was made on the pleadings. Furthermore, Guinn fails to argue that Blackburn and Wilkerson's Rule 12 motion should have been converted into a summary judgment because matters outside the pleadings were introduced at the hearing, but even if he had, this Court would not be persuaded. Under Rule 12(b), matters introduced outside the pleadings may be excluded by the trial court and review may proceed pursuant to Rule 12(b)(6). Favre Prop. Mgmt., 863 So.2d at 1044(¶ 18). In the case at bar, the trial judge decided to rule solely on the pleadings and exclude matters introduced at the hearing. We find that the trial judge's decision to exclude matters presented at the hearing and to rule only on the pleadings was well within his discretion, and with this ruling, we find no error.
¶ 10. Finally, we must determine whether Blackburn and Wilkerson would be unduly prejudiced if Guinn's Rule 60(b)(6) motion were granted. Rich by Brown, 578 So.2d at 613. We hold that they would be unduly prejudiced. The trial judge determined Guinn's complaint to be absolutely frivolous and with this assessment we agree. Guinn failed to state a claim upon which relief may be granted and an attempt to relitigate this claim through a Rule 60(b)(6) motion will not be allowed. M.A.S., 842 So.2d at 530(¶ 12). We find the three-part balancing test of King as outlined in the case of Rich by Brown to weigh in favor of denial of Guinn's motion for relief from judgment. Therefore, we hold that the trial judge did not abuse his discretion in failing to grant Guinn's request for relief and we affirm the trial court's denial of Guinn's Rule 60(b) motion.

CONCLUSION
¶ 11. The decision of the trial court to deny Guinn's Rule 60(b)(6) motion for relief from judgment was well grounded in the law and no abuse of discretion can be found by this Court. We agree that Guinn's complaint was frivolous and dismissal pursuant to Rule 12(b)(6) and sanctions under Rule 11 were proper in this case. We do not find that the absence of Guinn from a hearing rendered ultimately of no consequence, by the trial judge's decision to rule on the pleadings, prejudiced his interest in any way or created an extraordinary circumstance warranting relief under Rule 60(b)(6). Accordingly, the judgment of the trial court denying *560 Guinn's motion for relief from judgment is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.