ROBERTS, J.,
for the Court:
¶ 1. Dr. Garland K. Milner, Dr. Derek Marshall, Jackson Anesthesia Associates, and Mississippi Baptist Medical Center, Inc. (collectively “MBMC”) appeal the Hinds County Circuit Court’s decision to *696 grant Maria L. Powell’s motion to clarify the circuit court’s dismissal of the first of Powell’s two complaints for medical malpractice. After the circuit court dismissed Powell’s first complaint for failure to prosecute, Powell filed a practically identical complaint in a different civil action. MBMC argued that the circuit court’s dismissal with prejudice operated as res judi-cata, barring Powell’s second complaint. Seven months after the circuit court dismissed her first complaint, Powell circumvented MBMC’s res judicata argument by filing a motion to clarify that dismissal of her first complaint was without prejudice. The circuit court granted Powell’s motion to clarify. Aggrieved, MBMC claims the circuit court erred. We agree. Accordingly, we reverse the judgment of the circuit court and render judgment for MBMC.
FACTS AND PROCEDURAL HISTORY
¶ 2. Powell filed her first complaint “on behalf of the estate of [her son,] Jervia Powell” in November 2007. Approximately two months later, Powell amended her complaint and named additional defendants. However, Powell never served process on any of the defendants. In June 2008, Illinois attorney Jesse V. Harris filed a request for admission pro hac vice so that he could represent Powell. The circuit court never granted Harris’s request for pro hac vice admission.
¶ 3. Powell did not take any further action in her first lawsuit for the next eighteen months. Consequently, the circuit court sent notices that it would conduct a mandatory civil docket call on February 18, 2010. The circuit court’s notice warned that failure to appear would result in dismissal. Despite the circuit court’s warning, neither Powell nor her attorneys appeared at the mandatory docket call. Approximately one month later, the circuit court dismissed Powell’s complaint.[1]
¶ 4. Specifically, the judgment of dismissal stated:
On or about February 18, 2010, the above[-]referenced matter was called for status at a duly noticed and publicized mandatory docket call for all cases in the first judicial district that were not previously set for trial. At that time[,] counsel for the parties failed to answer the call after previously being warned that failure to appear would result in this matter being dismissed for failure to prosecute. The Court [takes] note that there has been no action in this matter for the past year.... [T]he Court has authority to dismiss cases where there is a clear record of delay in the prosecution of the matter, [footnote citing Hensarling v. Holly, 972 So.2d 716 (Miss.Ct.App.2007).] Therefore, pursuant to [Mississippi Rule of Civil Procedure] 41(b)[,] this matter is dismissed sua sponte.
Powell never moved to alter or amend the circuit court’s judgment. ■ Likewise, Powell did not appeal the circuit court’s judgment.
¶ 5. Instead, Powell filed a practically identical complaint in a separate action approximately two months after the circuit court dismissed her first complaint. In October 2010, MBMC moved for summary *697 judgment. MBMC argued that summary judgment was appropriate because the circuit court’s dismissal of Powell’s first lawsuit operated as res judicata.
¶ 6. Days later, Powell participated in her first lawsuit for the first time in more than two years when she filed a motion to clarify under Rule 60(b) of the Mississippi Rules of Civil Procedure. More than seven months had passed since the circuit court had dismissed her first complaint. Powell claimed she had not sought relief earlier because her “counsel was unaware that the March 18, 2010[,][o]rder had been entered until [MBMC] filed a motion to dismiss [Powell’s second complaint] based on res judicata.”
¶ 7. MBMC opposed Powell’s Rule 60(b) motion. It noted that the circuit clerk’s certified docket sheet reflected that the judgment of dismissal had been mailed to Powell’s attorney. MBMC also noted that Powell did not present evidence that she or her attorneys had diligently inquired into the status of her first lawsuit. Finally, MBMC noted that Powell did not allege or present evidence that she had been misled by inaccurate information from the circuit clerk’s office.
¶ 8. The hearing on Powell’s motion was set for December 2, 2010. According to MBMC, on the date of the hearing, former circuit judge Malcolm Harrison declined to hear any arguments on Powell’s Rule 60(b) motion and indicated that newly elected circuit judge William Gowan should hear the matter once he took over the docket. However, on December 14, 2010, without advance notification to either party, Judge Harrison entered an order granting Powell’s Rule 60(b) motion. The order stated that “the dismissal entered on March 18, 2010, should have been without prejudice.” Following an unsuccessful motion for reconsideration, MBMC claims the circuit court erred.
ANALYSIS
AUTHORITY TO GRANT RULE 60(B) RELIEF
¶ 9. According to MBMC, the circuit court should not have granted Powell’s Rule 60(b) motion because it was untimely. A trial judge’s decision to grant relief under Rule 60(b) is subject to review under an abuse-of-discretion standard. Hartford Underwriters Ins. Co. v. Williams, 936 So.2d 888, 892 (¶ 11) (Miss.2006) (citation omitted). “Thus, we must defer to the trial judge’s discretion, but note that consideration of a Rule 60(b) motion requires that an important balance be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality.” Id. (citation omitted).
¶ 10. In her motion, Powell did not argue that any specific portion of Rule 60(b) entitled her to relief. Similarly, the circuit court did not specify whether it granted Powell relief under any particular provision of Rule 60(b).[2] Given Powell’s claim that the circuit court’s dismissal should have been “without prejudice,” MBMC correctly notes that two provisions of Rule 60(b) could have applied. Rule 60(b) states that “[o]n motion and upon *698 such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) accident or mistake; [or] ... (6) any other reason justifying relief from the judgment.”
¶ 11. Powell argued that the circuit court should have dismissed her first lawsuit without prejudice instead of dismissing it with prejudice. In other words, Powell argued that the circuit court mistakenly dismissed her first lawsuit with prejudice. Accordingly, Rule 60(b)(2) was the most appropriate vehicle for Powell’s motion. To the extent that Powell’s motion was based on Rule 60(b)(2), she was obligated to file her motion within six months after the circuit court entered its judgment. See M.R.C.P. 60(b). However, Powell filed her Rule 60(b) motion more than seven months after the circuit court entered its judgment dismissing her first lawsuit. It follows that Powell filed her motion too late to travel under Rule 60(b)(2).
¶ 12. Therefore, Powell must rely on Rule 60(b)(6) — the “catch-all” provision of Rule 60(b). “Relief under Rule 60(b)(6) is reserved for exceptional and compelling circumstances.” Hartford, 936 So.2d at 893 (¶ 14) (citation and internal quotation omitted). The rule has been described as a “grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, or when it is uncertain that one or more of the preceding clauses afford relief.” Id. at 893-94 (¶ 15) (citation omitted). Rule 60(b)(6) is “designed for cases of extreme hardship not covered under any of the other subsections.” Id. at 893 (¶ 15). More specifically, “relief under Rule 60(b)(6) cannot be based upon a reason which may be found under the first five subsections of the rule.” Walton v. Snyder, 984 So.2d 343, 351 (¶ 24) (Miss.Ct.App.2007) (citing Mitchell v. Nelson, 830 So.2d 635, 639 (¶ 9) (Miss.2002)). In her Rule 60(b) motion, Powell essentially argued that the circuit court’s judgment of dismissal mistakenly dismissed her first lawsuit in a manner construed to have been dismissed with prejudice. As discussed above, Rule 60(b)(2) applies to circumstances involving mistakes. Consequently, Powell is ineligible to obtain relief under Rule 60(b)(6).
¶ 13. Even if Powell could seek relief under Rule 60(b)(6), her motion was still untimely. A Rule 60(b)(6) motion must be filed “within a reasonable time.” M.R.C.P. 60(b). Powell filed her motion more than seven months after the circuit court dismissed her first lawsuit. According to Powell, neither she nor her attorneys knew her first lawsuit had been dismissed until that time. However, the Hinds County Circuit Clerk’s certified docket sheet reflects that the circuit clerk mailed a copy of the judgment of dismissal to Powell’s attorney on March 19, 2010.
¶ 14. “The United States Supreme Court has ‘repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice.’ ” Curtis v. Curtis, 59 So.3d 623, 631 (¶ 29) (Miss.Ct.App.2011) (quoting Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 490, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988)). “There is a presumption that mail deposited, postage prepaid and properly addressed is timely delivered to the person addressed.” Thames v. Smith Ins. Agency, Inc., 710 So.2d 1213, 1216 (¶ 16) (Miss.1998) (citations omitted). “Once the presumption is established, the burden shifts to the party denying receipt to present evidence to rebut the presumption.” Holt v. Miss. Empl. Sec. Comm’n, 724 So.2d 466, 470 (¶ 19) (Miss.Ct.App.1998) (citation *699 omitted). Powell merely denied that her attorney received a copy of the circuit court’s judgment dismissing her first lawsuit. Powell did not claim that the circuit clerk’s docket sheet reflected an incorrect address for her attorney. Nor did Powell’s attorney claim that he had changed addresses or otherwise experienced any problems receiving his mail. “[M]ere denial of receipt is insufficient to create a triable issue of fact.” Id. (quoting Fid. Fin. Servs. v. Stewart, 608 So.2d 1111, 1113 (Miss.1992)). Powell’s mere denial of receipt of notice is insufficient to rebut the presumption that her attorney received a copy of the judgment.
¶ 15. Moreover, “parties in civil suits are obligated to make sufficiently frequent inquiries with the court clerk to determine whether a judgment has been entered in order to avoid the time for post-trial motions or appeal from expiring.” Id. at 469 (¶ 12) (citation omitted). It would not be unreasonable to conclude that Powell’s behavior contradicts her claim that she did not get a copy of the judgment. If Powell did not know that her first lawsuit had been dismissed, it would defy logic to file a second lawsuit and raise the same claims she raised in her first lawsuit.
¶ 16. In her brief, Powell expressly stated that she had filed a Rule 60(b) motion in her first lawsuit only after MBMC argued that the circuit court’s dismissal operated as res judicata regarding her second lawsuit. It appears that Powell simply did not realize the circuit court’s dismissal of her first lawsuit would operate as res judicata regarding her second lawsuit. “[G]ross negligence, ignorance of the rules, ignorance of the law, or carelessness on the part of the attorney will not provide sufficient grounds for [Rule 60(b)(6)] relief.” Guinn, 963 So.2d at 558 (¶ 7) (citation omitted). Powell did not file a motion to alter or amend the judgment under Rule 59 of the Mississippi Rules of Civil Procedure. Likewise, Powell did not appeal the circuit court’s judgment. “Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies.” Id. (citation omitted).
¶ 17. After careful consideration, we find the circuit court abused its discretion when it granted Powell’s unspecified Rule 60(b) motion. Powell’s motion was clearly based on the concept that the circuit court mistakenly dismissed her first complaint with prejudice. However, Powell filed her Rule 60(b) motion too late to travel under that theory. Because Powell was obligated to seek relief under Rule 60(b)(2), she was not entitled to cloak her motion as though it were a Rule 60(b)(6) motion. Even if she could, Powell’s mere denial that she received a copy of the judgment of dismissal is insufficient to rebut the presumption that properly addressed mail is delivered to the address reflected. Therefore, we find the circuit court erred when it granted Powell’s Rule 60(b) motion. Accordingly, we reverse the judgment of the circuit court and render judgment for MBMC.
¶ 18. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., AND RUSSELL, J„ DISSENT WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.

. Rule 41(b) of the Mississippi Rules of Civil Procedure states that a circuit court may dismiss a complaint "[f]or failure of the plaintiff to prosecute[.]” But the circuit court's order did not specify whether the dismissal was with or without prejudice. Under those circumstances, dismissal is considered to be with prejudice. "Unless otherwise specifically ordered by the court, an involuntary dismissal under Rule 41(b) ordinarily operates as an adjudication upon the merits and is with prejudice.” Taylor ex rel. Taylor v. Gen. Motors Corp., 717 So.2d 747, 748 (¶ 5) (Miss.1998).

. The circuit court did not conduct the "three-part balancing test" that must be applied before granting a Rule 60(b)(6) motion. See Guinn v. Wilkerson, 963 So.2d 555, 558 (¶ 7) (Miss.Ct.App.2006) (citation omitted). "Under this test, the court must determine: (1) whether the movant's basis for requesting relief is legitimate, (2) whether the movant has a colorable defense to the merits of the adjudged case, and (3) whether the non-mov-ant will be unduly prejudiced if the motion is granted." Id. Because the circuit court did not conduct this test, we are unable to review it to determine whether the circuit court abused its discretion.