[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13027
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00168-KD-B


HENRY LEE MOODY, JR.,

Plaintiff - Appellant,

versus

PHYSICIANS MUTUAL INSURANCE COMPANY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 11, 2019)

Before WILLIAM PRYOR, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Henry Moody, Jr. appeals the district court's grant of Physicians Mutual Insurance Company's ("Physicians Mutual") motions for summary judgment on the claims arising from two lawsuits consolidated in this action.  The claims arose when Physicians Mutual denied payment for the face value of a life insurance policy following the death of Moody's wife.  On appeal, Moody argues that the district court failed to consider all evidence before it and that he is entitled to payment of the face value of the death benefits insurance policy.  After careful review, we affirm the district court's grants of summary judgment.

## I.     BACKGROUND

### A.     Factual Background[1]

In April 2011, Physicians Mutual issued a life insurance policy (the "Policy") to Moody's wife; Moody was listed as the beneficiary.  The Policy delineated its benefits by the policy year.  In the first and second policy years, Moody was entitled to the face value of the Policy if his wife suffered an accidental death.  If his wife's death was not accidental, however, Moody was entitled to 110% of the premiums paid.  After the third policy year, Moody would receive the face value of the Policy following his wife's death, whether accidental

---

[1] On review of an order granting a defendant's motion for summary judgment, we view the facts in the light most favorable to the plaintiff. *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002). In recounting the facts here, we will note where facts are disputed and at this stage resolve the disputes in Moody's favor.

or not.  The Policy defined an accidental death as a death that (1) "results from an accidental bodily injury occurring while the policy is in force," (2) "occurs within 180 days of the injury," and (3) "is independent of disease, suicide, and all other causes."  Doc. 25-6 at 4.[2]

Less than one year after the issuance of the Policy, Moody's wife, who had amyotrophic lateral sclerosis ("ALS"), also known as Lou Gehrig's disease, fell in her bedroom.  Moody's daughter testified that her mother struggled to breathe and required the suctioning of blood and mucus from her tracheostomy tube.  She died shortly thereafter.  A doctor certified her cause of death as a "natural cause"— respiratory failure "due to (or a consequence of)" her disease.  Doc. 25-4 at 6.

After his wife's death, Moody, through his attorney, attempted to claim death benefits from Physicians Mutual.  Physicians Mutual responded, informing Moody that he was entitled to 110% of premiums paid because his wife's death certificate listed her cause of death as "natural cause" and no autopsy was performed to contradict this cause of death.  And on August 13, 2012, Physicians Mutual sent a letter to Moody's lawyer, explaining that Moody's claim for the face value of the Policy was denied because his wife's death was not accidental

---

[2] "Doc. #" refers to the numbered entry on the district court's docket.

Physicians Mutual issued Moody a check for 110% of the paid premiums. Moody never cashed the check, and nearly four years after the issuance of the check, he received a Notice of Unclaimed Funds from Physicians Mutual.

## B.    Procedural History

In March 2017, Moody filed a complaint against Physicians Mutual in the Circuit Court of Mobile County, Alabama, alleging breach of contract and fraud and seeking compensatory and punitive damages.  Physicians Mutual removed the action to Southern District of Alabama.

After some discovery and motions practice—including Physician Mutual's successful motion to exclude Moody's experts' testimony—Physicians Mutual filed a motion for summary judgment on Moody's breach of contract and fraud claims.  Instead of responding to this motion, Moody filed a motion to dismiss the case without prejudice.  On the same day, he filed a second complaint in the Circuit Court of Mobile County, Alabama against Physicians Mutual, adding Physicians Life Insurance Company ("Physicians Life") as a defendant and a breach of fiduciary duty claim.  The district court denied Moody's motion to dismiss and granted Physician Mutual's motion for summary judgment, determining that (1) Physicians Mutual did not breach the Policy's terms because no genuine issue of material fact existed as to whether Moody's wife suffered from an accidental death and (2) Moody's fraud claim was time-barred.

4

Physicians Mutual removed the second case to the Southern District of Alabama, where it was consolidated with the first.  Physicians Mutual then filed a second motion for summary judgment.  It argued that (1) Moody was barred by res judicata from bringing the breach of contract and fraud claims and (2) Moody's breach of fiduciary duty claim failed as a matter of law because Alabama law does not recognize a fiduciary relationship between insurers and insureds of life insurance policies.  The district court agreed and granted the motion.  This appeal followed.

## II.     STANDARD OF REVIEW

We review *de novo* the district court's grant of summary judgment, construing the facts and drawing all reasonable inferences from the facts in favor of the nonmoving party.  *Urquilla-Diaz v. Kaplan Univ*., 780 F.3d 1039, 1050 (11th Cir. 2015).  Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Conclusory allegations and speculation are insufficient to create a genuine issue of material fact.  *See Cordoba v. Dillard's Inc*., 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.").

5

We review *de novo* the district court's application of the res judicata doctrine. *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

## III.    DISCUSSION

### A.    The District Court Properly Granted Summary Judgment on Moody's Breach of Contract Claim.

To succeed on his breach of contract claim, Moody needed to demonstrate "(1) the existence of a valid and binding contract; (2) breach of the contract by the defendant; and (3) money damages suffered by the plaintiff." *Guinn v. Wilkerson*, 963 So. 2d 555, 558 (Miss. Ct. App. 2006).[3]  An insurance policy is a contract between the insurer and the insured and if clear and unambiguous will be enforced according to its terms. *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 797 So. 2d 981, 985 (Miss. 2001).  Because Moody cannot show that Physicians Mutual breached the terms of the Policy, the district court did not err in granting summary judgment in Physicians Mutual's favor.

Again, the Policy provided that, for the first two years of the Policy, Moody was entitled to 110% of the paid premiums unless his wife's death was accidental. Only in the third year was Moody entitled to the face value of the Policy regardless of his wife's cause of death.

---

[3] Because the parties agree that Mississippi law applies here, we assume that it does.  *See Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1342 (11th Cir. 2012) ("If the parties litigate the case under the assumption that a certain law applies, we will assume that that law applies.").

6

Relying on Moody's wife's death certificate, Physicians Mutual contends that because her cause of death was certified as respiratory failure "due to (or as a consequence of)" her ALS, it did not breach the terms of the Policy. Physicians Mutual is correct. A death certificate is "prima facie evidence . . . of the facts therein stated." Miss. Code Ann. § 41-57-9. Therefore, Moody's wife's death was not accidental, and Moody was entitled to only 110% of the paid premiums.

Moody argues that his wife's death was accidental, as evidenced by the testimony of his daughter concerning the sound she heard, the discovery of her mother on the floor, and the care she provided to her mother after the fall. But a layperson cannot provide evidence as to cause of death. *See* Fed. R. Evid. 701, 702; *Webster v. Offshore Food Serv.*, 434 F.2d 1191, 1193 (5th Cir. 1970) (granting summary judgment due to "the unequivocal, uncontradicted and unimpeached testimony of an expert witness [whose] testimony bears on technical questions of medical causation beyond the competence of lay determination");[4] *see also Sowers v. R.J. Reynolds Tobacco Co.*, 3:09 C 11829, 2015 WL 12839775, at *5 (M.D. Fla. Jan. 23, 2015) ("[O]pinions regarding medical causation . . . are not admissible when offered by lay witnesses"). Accordingly, Moody's daughter cannot provide competent testimonial evidence regarding her mother's ultimate

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted the case law of the former Fifth Circuit handed down prior to close of business on September 30, 1981, as its governing body of precedent.

cause of death.[5]  And Moody failed to present any other competent evidence that contradicted Physician Mutual's showing that Moody's wife's death was not accidental.[6]  Accordingly, Physicians Mutual did not breach the Policy's terms, and Physicians Mutual was entitled to summary judgment on Moody's breach of contract claim.

**B.    The District Court Properly Granted Summary Judgment on Moody's Fraud Claim.**

Physicians Mutual claimed that a two-year statute of limitations bars Moody's fraud claim, and the district court agreed.  Moody argued that Alabama Code § 6-2-3 applies and that Physicians Mutual's and Physician Life's alleged misrepresentations about which entity issued the Policy tolled the statute of limitations until 2016.[7]  But Moody's claim does not fall under this code section's umbrella of protection.

---

[5] Moody's daughter's testimony also precludes full recovery of the Policy's full value because her testimony cannot establish that the death was "independent of disease, suicide, and all other causes."  *See* Doc. 25-6 at 4.

[6] The district court struck Moody's purported expert reports concerning his wife's cause of death because (1) his expert disclosures were deficient pursuant to Federal Rule of Civil Procedure 26 and (2) Moody did not respond to the motion to exclude his expert witnesses based on this deficiency.  We conclude that the district court did not abuse its discretion in doing so. *See Griffith v. Gen. Motors Corp.*, 303 F.3d 1276, 1282–83 (11th Cir. 2002) (reviewing district court's decision concerning Rule 26 disclosures for abuse of discretion).

[7] Because the parties agree that Alabama law applies to this claim, we assume that it does.  *See Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1342 (11th Cir. 2012) ("If the parties litigate the case under the assumption that a certain law applies, we will assume that that law applies.").

Alabama law considers a claim that is based in fraud, including the fraudulent concealment claim Moody articulates, accrued when "the aggrieved party [discovers] the fact constituting the fraud." Ala. Code § 6-2-3. Moody argued that the letters from Physicians Mutual between April 2011 and August 2016 "precluded Moody from discovering the fraud" because the letters contained material misrepresentations about the coverage offered in the Policy. Doc. No. 37 at 17. Moody failed to demonstrate how this correspondence concealed the alleged fraud.

In August 2012, Physicians Mutual sent him a check and a letter explaining why it was denying him the full value of the Policy. Accordingly, Moody became aware of Physician Mutual's denial in August 2012, and he did not submit any evidence suggesting otherwise. These letters were sent nearly five years before Moody brought his claim. The statute of limitations for his claim, therefore, began to run when he discovered the denial.[8]

Moody also argued that misrepresentations about whether Physicians Mutual or Physicians Life issued the Policy tolled the statute of limitations for his fraud claim. Because Alabama law only allows tolling "until the discovery . . . of the fact constituting the fraud," which Moody contends is Physician Mutual's denial of

---

[8] Because we conclude that Moody's breach of contract and fraud claims fail as a matter of law, we do not address whether the district court properly applied the res judicata doctrine to those same claims in Moody's second complaint.

9

the full value of the Policy, confusion regarding the correct identity of the issuer cannot toll the statute of limitations. Ala. Code § 6-2-3. Accordingly, the statute of limitations bars Moody's fraud claim.

**C.    The District Court Properly Granted Summary Judgment on Moody's Breach of Fiduciary Duty Claim.**

Moody alleges that Physicians Mutual and Physicians Life breached their fiduciary duty when they refused to pay the face value of the Policy. To succeed on a breach of fiduciary duty claim, Moody must establish (1) existence of a fiduciary relationship between the parties that creates a duty; (2) a breach of that fiduciary duty, and (3) damages caused by the breach. *Regions Bank v. Lowrey*, 101 So. 3d 210, 219 (Ala. 2012).[9] Moody cannot demonstrate the first element.

Alabama courts have expressly declined to find a fiduciary relationship "between insurance companies . . . and their customers in the context of the purchase of casualty, health, or life insurance and attempts to collect under those policies." *Sayer v. Lincoln Nat. Life Ins. Co.*, No. 7:05-CV-1423-RDP, 2006 WL 6253201, at *6 (N.D. Ala. Oct. 12, 2006) (collecting Alabama cases); *see also Fed. Nat'l Mortg. Ass'n v. GNM II, LLC,* 2:13-CV-700-WC, 2014 WL 1572584, at *4 (M.D. Ala. Apr. 17, 2014) (granting summary judgment when a customer could

---

[9] Because the parties agree that Alabama law applies to this claim, we assume that it does. *See Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1342 (11th Cir. 2012) ("If the parties litigate the case under the assumption that a certain law applies, we will assume that that law applies.").

not establish a fiduciary relationship between itself and its insurer because the case was "an attempt to collect under the insurance policy.").  Moody's breach of fiduciary duties claim is an attempt to collect under an insurance policy.  He, therefore, cannot demonstrate a fiduciary relationship between himself and Physicians Mutual.  The district court did not err in dismissing Moody's breach of fiduciary duty claim; Physicians Mutual was entitled to summary judgment on the claim.

## IV.   CONCLUSION

For all the foregoing reasons, we affirm the district court's grants of summary judgment.

**AFFIRMED.**